DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, George D. Pamer, appeals the decision of the Medina County Court of Common Pleas, which denied his motion to withdraw his guilty plea. This Court affirms.
 I. {¶ 2} On December 27, 2000, officers of the Medina County Drug Task Force raided appellant's home. On January 4, 2001, appellant was indicted by the Medina County Grand Jury for eleven felonies. The indictment also contained two forfeiture specifications. On January 16, 2001, appellant was arraigned and pled not guilty to all charges and the forfeiture specifications. On April 16, 2001, appellant was arraigned on an additional felony count of money laundering and pled not guilty. On May 27, 2003, appellant changed his plea to guilty. The trial court accepted appellant's guilty plea and found him guilty of all charges.
 {¶ 3} Subsequent to the change of plea, but before sentencing, appellant volunteered to testify on behalf of the State at the forfeiture hearing of codefendant Richard Myers on October 11, 2003.
 {¶ 4} On February 6, 2004, appellant filed a motion to withdraw his guilty plea. A hearing was held on appellant's motion to withdraw his guilty plea on March 8, 2004. The trial court denied appellant's motion to withdraw his guilty plea and sentenced him to a total of eight years imprisonment on all counts.
 {¶ 5} Appellant timely appealed the trial court's denial of his motion to withdraw his guilty plea, setting forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"The trial court erred in overruling defendant-appellant's motion to vacate his plea of guilty."
 {¶ 6} In his sole assignment of error, appellant argues that the court erred in denying his motion to withdraw his guilty plea before sentencing. This Court disagrees.
 {¶ 7} Crim.R. 32.1 provides that a motion to withdraw a guilty plea can only be made before sentencing, but that the court may, after sentencing, set aside the judgment of conviction and allow the defendant to withdraw his or her plea, to correct a manifest injustice. Because Crim.R. 32.1 only sets forth a standard for evaluating post-sentence withdrawals of a guilty plea and does not explicitly provide guidelines for ruling on a pre-sentencing motion for withdrawal of a guilty plea, the Supreme Court of Ohio has articulated a standard to govern such presentencing motions. See State v. Xie (1992), 62 Ohio St.3d 521, 526. The standard provides that while pre-sentencing motions to withdraw guilty pleas are generally "to be freely allowed and treated with liberality" by the trial court, the decision to grant or deny such a motion is nevertheless within the sound discretion of the trial court. Id. at 526, quoting Barker v. United States (C.A.10, 1978), 579 F.2d 1219,1223. It is important to observe that "[o]ne who enters a guilty plea has no right to withdraw it." Xie, 62 Ohio St.3d at 526, quoting Barker,579 F.2d at 1223.
 {¶ 8} The appellate standard of review for a motion to withdraw a guilty plea is limited to a determination of an abuse of discretion.State v. Honorable (Sept. 23, 1987), 9th Dist. No. 13076, citing Statev. Peterseim (1980), 68 Ohio App.2d 211, paragraph two of the syllabus. To constitute an abuse of discretion, a trial court's action must be arbitrary, unreasonable, or unconscionable. State ex rel. V Cos.v. Marshall (1998), 81 Ohio St.3d 467, 469. Furthermore, unless it is established that the trial court acted unjustly or unfairly, an appellate court cannot find that an abuse of discretion occurred. Xie,62 Ohio St.3d at 526, quoting Barker, 579 F.2d at 1223.
 {¶ 9} Additionally, a defendant must communicate to the trial court a reasonable and legitimate basis for allowing such a withdrawal of a plea. State v. Dewille (Nov. 4, 1992), 9th Dist. No. 2101, citing Xie,62 Ohio St.3d at 527. "A defendant's burden to supply a reasonable and legitimate basis for withdrawing a plea recognizes the state's interest in preserving guilty pleas." Dewille, supra. Furthermore, the determination of whether a "reasonable and legitimate basis" for the withdrawal of a plea exists also lies within the trial court's sound discretion. State v. Rosemark (1996), 116 Ohio App.3d 306, 308.
 {¶ 10} This Court has held that a trial court does not abuse its discretion when considering a motion to withdraw a guilty plea if the following elements are present: (1) the defendant is represented by competent counsel; (2) the trial court provides the defendant with a full hearing before entering the guilty plea; and (3) the trial court provides the defendant with a full hearing on the motion to withdraw the guilty plea, where the court considers the defendant's arguments in support of his motion to withdraw the guilty plea. Id. However, we have previously noted that an evidentiary hearing with respect to such a motion is not always required. Lorain v. Price (Oct. 2, 1996), 9th Dist. No. 96CA006314 (stating that the necessity of an evidentiary hearing depends on the facts and circumstances of the particular case). See, also, State v.Cosavage (June 28, 1995), 9th Dist. Nos. 17074 and 17075.
 {¶ 11} "What constitutes an abuse of discretion in over-ruling a motion to withdraw a guilty plea will vary with the facts and circumstances of each case." State v. Boyd (Oct. 22, 1998), 10th Dist. No. 97APA12-1640, citing State v. Walton (1981), 2 Ohio App.3d 117,119. Therefore, when determining whether the trial court abused its discretion in denying appellant's motion to withdraw his guilty plea, it is important for this Court to take into consideration the facts and circumstances surrounding his motion. Boyd, supra; Walton,2 Ohio App.3d at 119.
 {¶ 12} This Court notes that there is no transcript of the change of plea hearing held on May 27, 2003. However, appellant is not arguing that his guilty plea was not knowingly, intelligently, and voluntarily made. Instead, appellant argues that he was misled by the State and his counsel as to the consequences of his behavior after the plea. Appellant claims that his counsel and law enforcement officers led him to believe that the sentencing judge was willing to reduce his sentence if he cooperated. This Court fails to see the relevance of this argument to appellant's motion to withdraw his guilty plea.
 {¶ 13} Appellant changed his plea to guilty on May 27, 2003. Appellant did not decide to cooperate with the State in the forfeiture trial of his co-defendant until after changing his plea to guilty. What appellant was or was not told after he entered his guilty plea is not relevant to his decision to change his plea. Therefore, this Court will limit its review to the circumstances surrounding appellant's change of his plea to guilty.
 {¶ 14} Applying the elements set forth in Rosemark, it is clear that the trial court did not abuse its discretion in denying appellant's motion to withdraw his guilty plea. Appellant was represented by competent counsel. According to the trial court's July 7, 2003 journal entry, the trial court provided appellant with a full hearing before accepting his guilty plea.
 {¶ 15} The trial court provided appellant with a full hearing on the motion to withdraw the guilty plea, where the court considered appellant's arguments in support of his motion to withdraw the guilty plea. The court questioned appellant at length regarding his decision to plea guilty. Upon being questioned by the court, appellant stated that he understood everything, and that he pled guilty voluntarily and with the knowledge of the consequences of his plea. Having heard appellant's arguments and having before it his memorandum in support of his motion to withdraw his plea, the trial court made its ruling to deny his motion to vacate. This Court can find no error in this decision.
 III. {¶ 16} After reviewing the record, this Court cannot conclude that the trial court abused its discretion in denying appellant's motion to withdraw his guilty plea. Appellant's sole assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Whitmore, J., Boyle, J. concur.