DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, George D. Pamer, appeals from the denial of his post-conviction petition in the Medina County Court of Common Pleas. This Court affirms.
 {¶ 2} On January 4, 2001, the Medina County Grand Jury indicted Appellant on four counts of trafficking in marijuana, two counts of possession of marijuana, one count of having a weapon under a disability, two counts of engaging in a pattern of corrupt activity, and two counts of conspiracy to engage in a pattern of corrupt activity, with forfeiture specifications. The Appellant pled not guilty to all of the charges and forfeiture specifications. On April 16, 2001, Appellant was charged with an additional count of money laundering. Appellant also pled not guilty to this charge.
 {¶ 3} On May 27, 2003, Appellant retracted his not-guilty plea and entered a plea of guilty to all of the charges. The court accepted Appellant's plea and found him guilty. On February 6, 2004, prior to sentencing, Appellant filed a motion to withdraw his guilty plea.[1] The trial court denied the motion. On March 25, 2004, the court sentenced Appellant accordingly.
 {¶ 4} Appellant appealed to this Court from the trial court's denial of this motion, assigning error to the trial court's denial of his motion to withdraw his guilty plea. This Court affirmed the trial court's judgment in a decision and journal entry dated December 22, 2004. State v. Pamer, 9th Dist. No. 04CA0027-M, 2004-Ohio-7190, at ¶ 16.
 {¶ 5} In the interim, on November 14, 2004, Appellant filed a motion captioned a "Motion to Vacate and Set Aside Conviction" in the trial court. In this motion, Appellant raised a constitutional challenge of ineffective assistance of trial counsel, questioned the trial court's jurisdiction over his case, and challenged venue. In a judgment entry dated December 14, 2004, the trial court denied Appellant's motion, concluding that the court did not have jurisdiction to modify its judgment because Appellant appealed and the matter was pending with this Court. Appellant has appealed pro se from this judgment entry, asserting one assignment of error for review.
 Assignment of Error 
"THE TRIAL COURT ERRED WHEN THE COURT DISMISSED APPELLANT'S POST CONVICTION PETITION UNDER RC § 2953.21, DISREGARDING THE LANGUAGE BY THE LEGISLATION AWARDING THE COURT JURISDICTION TO ENTERTAIN THE PETITION[.]"
 {¶ 6} In his sole assignment of error, Appellant contends that the trial court erred when it denied his post-conviction petition. We disagree, for the following reason.
 {¶ 7} Pursuant to R.C. 2953.21(A)(2), a petition for post-conviction relief must be filed no later than 180 days after the day the trial transcript is filed in the direct appeal from the judgment of conviction and sentence, or, if no direct appeal is taken, 180 days after the expiration of the time to file an appeal. See App.R. 3(A) 4(A). A trial court is not to entertain a motion that is filed after the timeframe set forth in R.C.2953.21(A)(2).
 {¶ 8} In this case, the transcript was received and filed in this Court on May 14, 2004. Appellant filed his petition on November 15, 2004, 185 days after the filing of the transcript in the direct appeal from his conviction and sentence. Therefore, Appellant's motion was untimely. Furthermore, we find that none of the exceptions articulated in R.C. 2953.23(A) apply to allow the trial court to consider this motion. Thus, the trial court lacked the jurisdiction to entertain the motion. See State v.Elkins (Aug. 27, 2003), 9th Dist. No. 21380, at *2.
 {¶ 9} Based upon the foregoing analysis, we find that the trial court did not err in denying Appellant's petition.
 {¶ 10} Appellant's sole assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Slaby, P.J. Whitmore, J. Concur.
[1] Appellant had volunteered to testify on behalf of the State at the forfeiture hearing of a co-defendant in 2003. Sentencing of Appellant was continued several times during this time.