[Cite as *State v. Robertson*, 2011-Ohio-4300.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| COUNTY OF MEDINA | )ss: | NINTH JUDICIAL DISTRICT |
| | ) | |

| STATE OF OHIO | C.A. No. 10CA0030-M |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| LEONARD E. ROBERTSON | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 05-CR-0539 |

DECISION AND JOURNAL ENTRY

Dated: August 29, 2011

CARR, Judge.

{¶1} Leonard Robertson appeals the judgment of the Medina County Court of Common Pleas. This Court affirms, in part, and vacates in part.

I.

{¶2} Mr. Robertson was indicted on 54 counts of sexual battery, 2 counts of gross sexual imposition, and 1 count of attempted gross sexual imposition. He pleaded guilty to all counts, and the trial court sentenced him to 15 years imprisonment. The trial court also found him to be a sexual predator. He appealed the sentence, but this Court determined that his judgment entry was not a final, appealable order. The trial court issued a nunc pro tunc entry to correct the judgment entry, but this Court concluded that Mr. Robertson's sentence was void due to the improper imposition of post-release control. We vacated his sentence and remanded for resentencing.

{¶3} At the resentencing hearing, Mr. Robertson made an oral motion to withdraw his guilty plea, asserting that he was innocent of the charges. The trial court denied Mr. Robertson's motion and proceeded to resentence him. The trial court also told Mr. Robertson that he would be reclassified as a Tier III sex offender under Ohio's Adam Walsh Act, which had been enacted after he was originally sentenced.

II.

## ASSIGNMENT OF ERROR I

"THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DENYING DEFENDANT-APPELLANT'S PRE-SENTENCE MOTION TO WITHDRAW HIS GUILTY PLEA WHERE: (1) DEFENDANT-APPELLANT ASSERTED THAT HE WAS ACTUALLY INNOCENT OF THE CHARGED OFFENSES; (2) THE TRIAL COURT DID NOT CONDUCT A SE[P]ARATE HEARING TO DETERMINE WHETHER THERE WAS A REASONABLE AND LEGITIMATE BASIS TO ALLOW WITHDRAWAL OF THAT GUILTY PLEA."

{¶4} Mr. Robertson argues that his motion to withdraw his pleas was a presentence motion because this Court had vacated his previous sentence as void due to the improper imposition of post-release control. In *State v. Fischer*, 128 Ohio St. 3d 92, 2010-Ohio-6238, the Ohio Supreme Court clarified that, "when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that part of the sentence is void and must be set aside." Id. at ¶26. Accordingly, following *Fischer*, this Court would not have vacated the entirety of Mr. Robertson's sentence and his motion to withdraw his guilty pleas would have been a post-sentence motion. Under the controlling law at the time, however, this Court did vacate the entirety of Mr. Robertson's sentence as void and remanded for a *de novo* resentencing hearing in accordance with *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250. Accordingly, his motion to withdraw his pleas was a presentence motion. *State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, at syllabus.

{¶5} "[A] presentence motion to withdraw a guilty plea should be freely and liberally granted." *State v. Xie* (1992), 62 Ohio St. 3d 521, 527. The defendant, however, does not have an absolute right to withdraw his pleas. Id. "Therefore, the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." Id. The trial court's decision is then reviewed for an abuse of discretion. Id. "The term 'abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Adams* (1980), 62 Ohio St. 2d 151, 157.

{¶6} This Court has held that a trial court does not abuse its discretion when considering a motion to withdraw a guilty plea if the following elements are present:

> "'(1) the defendant is represented by competent counsel; (2) the trial court provides the defendant with a full hearing before entering the guilty plea; and (3) the trial court provides the defendant with a full hearing on the motion to withdraw the guilty plea, where the court considers the defendant's arguments in support of his motion to withdraw the guilty plea.'" *State v. Wheeland*, 9th Dist. No. 06CA0034-M, 2007-Ohio-1213, at ¶10, quoting *State v. West*, 9th Dist. No. 04CA008554, 2005-Ohio-990, at ¶22.

The trial court's decision in response to a criminal defendant's pre-sentence motion to withdraw a guilty plea must also take into consideration "'the facts and circumstances of each case.'" *West* at ¶23, quoting *Pamer*, 2004-Ohio-7190, at ¶10.

{¶7} When Mr. Robertson moved to withdraw his plea, the trial court did not conduct a full evidentiary hearing. An evidentiary hearing is not always required. *State v. Pamer*, 9th Dist. No. 04CA0027-M, 2004-Ohio-7190, at ¶10, citing *Lorain v. Price* (Oct. 2, 1996), 9th Dist. No. 96CA006314. In *Price*, this Court concluded that "the nature and extent of the hearing is dependant on the particular allegations in an accused's motion and is committed to the sound discretion of the trial court." Id. While the trial court did not conduct a full evidentiary hearing, it did permit Mr. Robertson, through his attorney, to argue his motion. After listening to Mr.

Robertson's arguments in favor of withdrawal, the State's arguments in opposition, and allowing Mr. Robertson the final word, the trial court denied his motion. Further, Mr. Robertson never proffered evidence in support of his arguments or requested an evidentiary hearing. Accordingly, this Court cannot say that the trial court erred by not conducting an evidentiary hearing.

{¶8} Mr. Robertson was represented by competent counsel and the trial court engaged in an extensive plea colloquy with him before determining that his guilty pleas were being made knowingly, intelligently, and voluntarily. Further, the trial court conducted a hearing before ruling on Mr. Robertson's motion to withdraw his guilty pleas. We note that Mr. Robertson did not move to withdraw his pleas until the day of his resentencing hearing, and, at the hearing, his attorney indicated that Mr. Robertson had not expressed a desire to withdraw his pleas until the day before, saying "I met with Mr. Robertson yesterday[.] * * * In speaking with [him] yesterday, he's indicated that he's not guilty of the fifty-seven counts."

{¶9} However, Mr. Robertson presented no evidence that there was a reasonable or legitimate reason that he should be permitted to withdraw his guilty pleas. While he did claim that he was innocent of the charges, he did not proffer any evidence in support of his claims. Other courts have held that "a defendant's claims of innocence are not sufficient, absent any offer of evidence to support this claim, to warrant withdrawal of a plea knowingly entered." *State v. Scott*, 6th Dist. No. S-05-035, 2006-Ohio-3875, at ¶13, citing *State v. Powers*, 4th Dist. No. 03CA21, 2004-Ohio-2720, at ¶18. Mr. Robertson did not proffer any evidence in support of his claims of innocence, did not request an evidentiary hearing, and did not seek a continuance in order to find evidence to present.

{¶10} Mr. Robertson also claims that he originally intended to enter an Alford Plea. "In *North Carolina v. Alford* (1970), 400 U.S. 25, the Supreme Court validated what has become commonly known as an 'Alford plea,' whereby a defendant pleads guilty yet maintains actual innocence of the charges." *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, at ¶13. An Alford Plea is "merely a species of guilty plea * * * [that] is predicated upon the defendant's desire to obtain a lesser penalty rather than risk the consequences of a jury trial." (Internal citations and quotations omitted.) *State v. Krieg*, 9th Dist. No. 04CA008442, 2004-Ohio-5174, at ¶9; see, also, *State v. Piacella* (1971), 27 Ohio St.2d 92, syllabus.

{¶11} At his change of plea hearing, Mr. Robertson's attorney stated that Mr. Robertson was pleading guilty to all counts in the indictment, "not because he believes himself to be guilty of all the counts, though he does admit assigned guilt, but rather because of the negotiated agreement and, more importantly even than that * * * Mr. Robertson believes that * * * accepting what he has done is important to him and his family and he wishes to begin that process." Mr. Robertson did not object to his attorney's characterization of his guilty pleas at the time.

{¶12} Following a lengthy plea colloquy, during which Mr. Robertson pleaded guilty to all 57 counts in the indictment, the trial court determined that he was making his pleas knowingly, intelligently, and voluntarily. At his original sentencing hearing, Mr. Robertson did not seek to withdraw his plea. At his resentencing hearing, he did not present any evidence to support his claims that he had intended to enter an Alford Plea. Accordingly, the trial court did not abuse its discretion when it determined that this did not constitute a reasonable and legitimate reason to withdraw his guilty plea.

{¶13} Given that Mr. Robertson was represented by competent counsel when he made his pleas, that the trial court engaged in a lengthy colloquy with him at his change of plea hearing, that it heard his arguments for being allowed to withdraw his plea, and all the additional facts and circumstances surrounding this case, this Court cannot conclude that the trial court abused its discretion when it denied Mr. Robertson's motion to withdraw his pleas. His first assignment of error is overruled.

### ASSIGNMENT OF ERROR II

"THE RECLASSIFICATION OF DEFENDANT-APPELLANT AS A TIER III SEX OFFENDER / CHILD VICTIM OFFENDER UNDER OHIO'S ADAM WALSH ACT (AWA) CONSTITUTES REVERSIBLE ERROR, PURSUANT TO THE RECENT OHIO SUPREME COURT DECISION IN *STATE V. BODYKE*, 2010-OHIO-2424, WHERE THE TRIAL COURT HAD PREVIOUSLY CLASSIFIED DEFENDANT-APPELLANT AS A 'SEXUAL PREDATOR' UNDER THE APPLICABLE PRE-AWA OHIO STATUTE AND WHERE THAT SEXUAL PREDATOR CLASSIFICATION WAS NOT CHALLENEGED BY THE DEFENDANT–APPELLANT AND, THEREFORE, NOT REVERSED OR MODIFIED BY THE COURT OF APPEALS ON DIRECT APPEAL OF DEFENDANT-APPELLANT'S ORIGINAL SENTENCE."

{¶14} Mr. Robertson argues that the trial court erred when it attempted to reclassify him as a Tier III sex offender under the Adam Walsh Act because his original classification as a sexual predator had not been challenged or reversed. We agree.

{¶15} "Sex-offender-classification proceedings are civil in nature and legally distinct from the proceedings governing a defendant's underlying criminal conviction(s) and sentence." *State v. Williams*, 177 Ohio App.3d 865, 2008-Ohio-3586, at ¶10, citing *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, syllabus. "Accordingly, in either a defendant's or a state's appeal, an appeal from the defendant's classification is legally distinct from any appeal regarding his underlying sentence." Id. Therefore, a vacation of a defendant's underlying sentence does not result in the vacation of the defendant's sexual-offender classification. Id. at ¶11.

**{¶16}** Mr. Robertson's sexual offender classification was not challenged during his first appeal and only his criminal sentence was vacated. Accordingly, at his resentencing hearing, his sexual-offender classification remained intact. To the extent that the trial court attempted to reclassify Mr. Robertson under the Adam Walsh Act, its judgment in that respect is vacated. See, also, *State v. Williams,* Slip Opinion No. 2011-Ohio-3374, at syllabus (concluding that the Adam Walsh Act is unconstitutional as applied to defendants who committed sex offenses prior to its enactment). Mr. Robertson's second assignment error is sustained.

## III.

**{¶17}** The trial court did not abuse its discretion when it denied Mr. Robertson's motion to withdraw his guilty pleas. The trial court, however, lacked the authority to reclassify him as a sexual-offender under the Adam Walsh Act. Accordingly, the trial court's reclassification is vacated, and Mr. Robertson's original classification is reinstated. The judgment of the Medina County Court of Common Pleas is affirmed in part and vacated in part.

Judgment affirmed in part,
and vacated in part.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

BELFANCE, P. J.
DICKINSON, J.
CONCUR

APPEARANCES:

JOSEPH F. SALZGEBER, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and RUSSELL A. HOPKINS, Assistant Prosecuting Attorney, for Appellee.