[Cite as *State v. Austin*, 2012-Ohio-2277.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 25381 |
| | |
| Appellee | |
| | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| | COURT OF COMMON PLEAS |
| RODNEY S. AUSTIN | COUNTY OF SUMMIT, OHIO |
| | CASE No. CR 02 01 3701 (A) |
| Appellant | |

DECISION AND JOURNAL ENTRY

Dated: May 23, 2012

BELFANCE, Judge.

{¶1}   Defendant-Appellant Rodney Austin appeals from the judgment of the Summit County Court of Common Pleas. For the reasons set forth below, we affirm.

I.

{¶2}   In 2002, Mr. Austin was indicted on two counts of murder with accompanying firearms specifications, one count of having weapons under disability, and one count of trafficking in cocaine. In May 2002, a supplemental indictment was filed charging Mr. Austin with one count of tampering with evidence. On June 9, 2003, Mr. Austin pleaded guilty to one count of involuntary manslaughter with an accompanying firearm specification, one count of having weapons under disability, and one count of tampering with evidence. The remaining pending charges were dismissed. The trial court sentenced Mr. Austin to a total of seventeen years in prison. Mr. Austin did not appeal.

**{¶3}** In 2008, Mr. Austin filed a pro se motion in the trial court seeking resentencing due to improper post-release control notification. The State opposed the motion, and the trial court denied the motion. Mr. Austin appealed, and this Court dismissed the appeal after Mr. Austin failed to file a brief. Subsequently, the State moved this Court to vacate Mr. Austin's sentencing entry due to the erroneous post-release control notification. On September 3, 2009, this Court vacated Mr. Austin's sentence and remanded the matter to the trial court for resentencing. Prior to being resentenced, Mr. Austin filed a motion to withdraw his guilty plea. The trial court held a hearing on Mr. Austin's motion and thereafter denied it.

**{¶4}** After Mr. Austin was resentenced, he appealed and his counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), asserting that were no issues that might support an appeal and moved to withdraw as counsel. This Court determined that there were arguable issues that could be raised on appeal, granted Mr. Austin's counsel's motion to withdraw, and appointed new counsel on Mr. Austin's behalf. Mr. Austin's new counsel has raised two assignments of error for our review.

## II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED WHEN IT DENIED MR. AUSTIN'S CRIMINAL
RULE 32.1 PRE-SENTENCE MOTION TO WITHDRAW HIS GUILTY PLEA.

**{¶5}** Mr. Austin asserts in his first assignment of error that the trial court erred in denying his motion to withdraw his guilty plea.

**{¶6}** The State contends that Mr. Austin's appeal of the trial court's denial of his motion to withdraw his plea is untimely because he did not file a notice of appeal within thirty days of the issuance of the trial court's entry denying his motion. We do not agree.

{¶7} This Court vacated Mr. Austin's sentence. Prior to being resentenced, Mr. Austin moved to withdraw his guilty plea. Because effectively Mr. Austin did not have a sentence at the time he moved to withdraw his plea, his motion was a presentence motion. *See State v. Robertson,* 9th Dist. No. 10CA0030-M, 2011-Ohio-4300, ¶ 4. Additionally, because the trial court did not resentence Mr. Austin until after it denied his motion to withdraw his plea, that denial was interlocutory and not immediately appealable. *See State v. Lopez*, 9th Dist. No. 10CA009771, 2010-Ohio-5926, ¶ 6. Accordingly, Mr. Austin did not have to immediately appeal from the denial of his motion to withdraw his plea; and, thus, we will consider the merits of his argument.

{¶8} The Supreme Court of Ohio has held that "a presentence motion to withdraw a guilty plea should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527 (1992). Nonetheless, "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Id.* at paragraph one of the syllabus. The trial court's decision to grant or deny the motion is reviewed for an abuse of discretion. *Robertson* at ¶ 5. "We defer to the judgment of the trial court, because the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." (Internal quotations and citations omitted.) *Xie* at 525.

> This Court has held that a trial court does not abuse its discretion when considering a motion to withdraw a guilty plea if the following elements are present: (1) the defendant is represented by competent counsel; (2) the trial court provides the defendant with a full hearing before entering the guilty plea; and (3) the trial court provides the defendant with a full hearing on the motion to withdraw the guilty plea, where the court considers the defendant's arguments in support of his motion to withdraw the guilty plea.

(Internal quotations and citations omitted.)  *Robertson* at ¶ 6.  "The trial court's decision in response to a criminal defendant's pre-sentence motion to withdraw a guilty plea must also take into consideration the facts and circumstances of each case."  (Internal quotations and citations omitted.)  *Id.*

{¶9}    Initially, we note that Mr. Austin asserted different arguments in his pro se written motion than the ones asserted on his behalf by counsel during the hearing on his motion.  In his written motion, Mr. Austin asserted that he was entitled to withdraw his plea due to improper and incomplete post-release control notification and because the trial court listed the constitutional rights Mr. Austin was waiving all together and only asked Mr. Austin at the end of the list if he understood.  At the hearing, Mr. Austin asserted that he was told by his counsel that he would only have to serve eight years of his seventeen-year sentence and that there may be evidence that he did not participate in the tampering with evidence.  On appeal, Mr. Austin does not discuss the arguments made in his written motion; thus, this Court presumes he has abandoned them.

{¶10}  We cannot say that the trial court abused its discretion in denying Mr. Austin's motion.  Mr. Austin was represented by counsel both at the plea stage and during the hearing on the motion to withdraw his plea.  While Mr. Austin asserts that his trial counsel was not competent, a review of the record does not support these allegations.  Mr. Austin asserts that his counsel was not competent because the same counsel that represented him at the plea hearing represented him on his motion to withdraw and Mr. Austin wanted to call his counsel as a witness during the hearing on his motion to withdraw his plea.  Assuming that this would render Mr. Austin's counsel not competent, the record contains a journal entry filed prior to the hearing on his motion to withdraw indicating that Mr. Austin averred on the record that he did not intend to call his counsel as a witness.  We see no reason why the trial court should not have been able

to rely on Mr. Austin's explicit intentions.  Moreover, at the hearing on Mr. Austin's motion to withdraw, the trial court commented that it did not believe that counsel would provide Mr. Austin with the false information that he would be out of prison in eight years, despite Mr. Austin's statements to the contrary.  The trial court stated to Mr. Austin that the court was "going to surmise that if [it] asked [Mr. Austin's counsel] whether he indicated that he could have you home in eight years, he would probably say that that didn't get said, and if you thought you heard that, there was a mistake in communications."  Mr. Austin stated that he thought his counsel was "an honest man" and thought "he would tell the truth."   The trial court then asked Mr. Austin's counsel if the trial court had  "accurately captured the situation[.]"  Mr. Austin's counsel replied, "You have."  In addition, the trial court noted that Mr. Austin's assertions that his counsel told him that he would be out of prison in eight years were not supported by the written plea agreement or the transcript of the plea hearing.  Accordingly, we see no support for Mr. Austin's argument that he was not represented by competent counsel.

{¶11}  The trial court conducted a full hearing prior to Mr. Austin entering his plea; while the trial court did inaccurately state Mr. Austin's post-release control obligations at the plea hearing, Mr. Austin does not argue on appeal that the inaccurate information influenced his decision to enter a plea or even that the trial court abused its discretion in denying the motion on the basis of improper post-release control notification.  Finally, Mr. Austin received a full hearing on his motion to withdraw his plea.  While the hearing was not an evidentiary hearing, in that no witnesses were sworn in, Mr. Austin's counsel presented argument, and Mr. Austin himself stated his concerns on the record.  We cannot say that the trial court abused its discretion in failing to hold an evidentiary hearing.  *See Robertson* at ¶ 7 (noting that an evidentiary hearing

is not always required and that the extent of the hearing is determined by the circumstances of the case).

**{¶12}** It is clear from the trial court's journal entry that the trial court thoughtfully considered Mr. Austin's motion and his arguments. There is evidence in the record that the trial court considered prior transcripts, including the transcript of Mr. Austin's plea hearing. Further, the trial court issued a detailed and logical entry, applying the correct standard, and articulating valid reasons for denying Mr. Austin's motion. It is apparent that much of the trial court's determination rested on credibility determinations; determinations that it did not resolve in favor of Mr. Austin. *See Xie,* 62 Ohio St.3d at 525. We cannot say that the trial court abused its discretion in denying Mr. Austin's motion.

ASSIGNMENT OF ERROR II

> THE TRIAL COURT LACKED JURISDICTION TO RESENTENCE AUSTIN TO THREE YEARS FOR A GUN SPECIFICATION AFTER THE COMPLETION OF HIS SENTENCE.

**{¶13}** Mr. Austin asserts in his second assignment of error that the trial court lacked jurisdiction to resentence him on the gun specification because he had already served the three years of the gun specification. *See* former R.C. 2929.14(E)(1)(a). We do not agree.

**{¶14}** This Court previously addressed and rejected a similar argument in *State v. Brown,* 9th Dist. No. 25206, 2010-Ohio-4863, ¶ 11-13. Like Mr. Brown, Mr. Austin asserts that, because he had served the prison term associated with his gun specification prior to being resentenced, the trial court lacked jurisdiction to resentence him on the gun specification. *See id.* at ¶ 11, 13. Mr. Austin has provided us with no reason to deviate from our precedent in *Brown.* Like Mr. Brown, Mr. Austin was still serving his prison sentence at the time of resentencing. *See id.* at ¶ 4. Mr. Austin's original sentence was vacated by this Court, and the trial court was

ordered by this Court to conduct a resentencing. We cannot say that the trial court lacked jurisdiction to do so. *Id.* at ¶ 13. Accordingly, we overrule Mr. Austin's second assignment of error.

III.

{¶15} In light of the foregoing, we overrule Mr. Austin's assignments of error and affirm the judgment of the Summit County Court of Common Pleas.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

EVE V. BELFANCE
FOR THE COURT

WHITMORE, J.
CONCURS.

DICKINSON, J.
CONCURRING.

{¶16} As the majority has noted, on September 3, 2009, this Court vacated Mr. Austin's sentence and remanded the matter to the trial court for resentencing. This Court has held that, if it remands a case for "resentencing," the trial court "may not entertain a motion to withdraw a plea." *State v. O'Neal*, 9th Dist. 07CA0050-M, 2008-Ohio-1325, at ¶ 11. Although the trial court erred by ruling on Mr. Austin's motion, because it eventually denied the motion and resentenced Mr. Austin, the error was harmless. *Id*. at ¶ 13. I, therefore, agree that the judgment should be affirmed.

APPEARANCES:

AVIVA L. WILCHER, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.