[Cite as *State v. King*, 2019-Ohio-3167.]

STATE OF OHIO      )          IN THE COURT OF APPEALS
                       )ss:      NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

STATE OF OHIO                    C.A. No.     29247

     Appellee

     v.                        APPEAL FROM JUDGMENT
                               ENTERED IN THE
JAMARR KING                  COURT OF COMMON PLEAS
                               COUNTY OF SUMMIT, OHIO
     Appellant             CASE No.    CR-2016-11-3758

DECISION AND JOURNAL ENTRY

Dated: August 7, 2019

SCHAFER, Judge.

**{¶1}** Jamarr King appeals the denial of his motion to withdraw his guilty plea in the Summit County Court of Common Pleas. For the reasons that follow, this Court affirms.

I.

**{¶2}** Mr. King was initially indicted by the Summit County Grand Jury on December 2, 2016 with one count of trafficking in heroin in violation of R.C. 2925.03(A)(C)(6), a felony of the fifth degree. On May 2, 2017, the Summit County Grand Jury issued a supplemental indictment charging Mr. King with the following two additional counts: involuntary manslaughter in violation of R.C. 2903.04(A), a felony of the first degree; corrupting another with drugs in violation of R.C. 2925.02(A)(3), a felony of the second degree; corrupting another with drugs in violation of R.C. 2925.02(A)(4)(a), a felony of the second degree; aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1)(C)(1), a felony of the third degree; four separate counts of trafficking in heroin in violation of R.C. 2925.03(A)(1)(C)(6), each a felony of

the fourth degree; and two separate counts of trafficking in marijuana in violation of R.C. 2925.03(A)(1)(C)(3), each a felony of the fourth degree. Mr. King entered a plea of not guilty to all charges.

{¶3} The matter was scheduled to proceed to trial on August 13, 2018. Prior to the commencement of trial, Mr. King and the State reached a plea agreement. The State dismissed the charges of involuntary manslaughter, and the two counts of corrupting another with drugs in exchange for Mr. King entering a guilty plea on all remaining counts. There was no agreement as to sentencing. The matter was then set over for a sentencing hearing.

{¶4} Prior to the sentencing hearing, Mr. King filed a pro se motion to withdraw his guilty plea. The State opposed Mr. King's motion. The trial court held a hearing on the motion on September 19, 2018. Upon the conclusion of the hearing, the trial court overruled Mr. King's motion and again set the matter over for sentencing.

{¶5} Following the sentencing hearing, the trial court sentenced Mr. King to one year for trafficking in heroin, three years for aggravated trafficking in drugs, and eighteen months each for the four fourth degree felony trafficking in heroin charges, and eight months each for the two fourth degree felony trafficking in marijuana charges. The trial court ordered that all the sentences be served concurrently, for a total of three years in prison.

{¶6} Mr. King timely appealed his conviction and sentence raising one assignment of error for our review.

II.

**Assignment of Error**

**The trial court abused its discretion when it denied [Mr. King's] motion to withdraw his presentence guilty plea.**

**{¶7}** In his assignment of error, Mr. King argues that the trial court erred by refusing to allow him to withdraw his guilty plea where, in his motion, Mr. King made a claim of actual innocence and claimed that he was misled by his defense attorney to believe that he would be receiving straight probation time. We disagree.

**{¶8}** Pursuant to Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The Supreme Court of Ohio has stated that although presentence motions to withdraw "should be freely and liberally granted[,] * * * it must be recognized that a defendant does not have an absolute right to withdraw a plea prior to sentencing." *State v. Xie*, 62 Ohio St.3d 521, 527 (1992). A "trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Id*. The decision with regard to "a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court." *Id*. at paragraph two to the syllabus. An abuse of discretion is more than an error in judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶9}** The burden is on the defendant to establish a reasonable and legitimate basis for withdrawing the plea. *State v. Benson*, 9th Dist. Summit No. 28527, 28579. 28578, 28577, 2017-Ohio-8150, ¶ 8. This Court has held that a trial court does not abuse its discretion by denying a motion to withdraw a guilty plea if: "(1) the defendant is represented by competent counsel; (2) the trial court provides the defendant with a full hearing before entering the guilty plea; and (3) the trial court provides the defendant with a full hearing on the motion to withdraw the guilty plea, where the court considers the defendant's arguments in support of his motion to withdraw

the guilty plea." *State v. Pamer*, 9th Dist. Medina No. CIV.A. 04CA0027-M, 2004-Ohio-7190, ¶ 10. The following additional factors may be relevant to the trial court's consideration of the presentence motion to withdraw a plea:

> 1) whether the state will be prejudiced by withdrawal; 2) the representation afforded to the defendant by counsel; 3) the extent of the Crim.R. 11 plea hearing; 4) the extent of the hearing on the motion to withdraw; 5) whether the trial court gave full and fair consideration to the motion; 6) whether the timing of the motion was reasonable; 7) the reasons for the motion; 8) whether the defendant understood the nature of the charges and potential sentences; and 9) whether the accused was perhaps not guilty or had a complete defense to the charge.

*Benson* at ¶ 8, quoting *State v. Stopar*, 9th Dist. Summit No. 25828, 2012-Ohio-2177, ¶ 11.

**{¶10}** In his pro se motion to withdraw, Mr. King argued that he wished to retract his earlier plea because it was not made voluntarily, knowingly, and intelligently. Mr. King claimed that his defense counsel caused him to believe that his guilty plea would result in "straight probation and no jail time." Mr. King also asserted that he was actually innocent in this matter because he did not sell or deliver the illegal substance causing the death of the victim who was the subject of the case.

**{¶11}** Mr. King was represented by counsel at the hearing on his pro se motion. At the hearing, Mr. King contended that he felt like he was pressured into taking "a last-minute plea" and that he thought he would get straight probation because his attorney, essentially, failed to inform him that there was no deal with the prosecution regarding sentencing.

**{¶12}** The State countered that Mr. King had been, and continued to be, represented by two experienced defense attorneys throughout the proceedings. The State stressed that the case had been ongoing for an extensive period of time with numerous pretrials having been held in the matter. More to the point, the State argued that Mr. King had been asked, specifically, whether he was aware that there was no agreement as to probation and, when Mr. King expressed his

belief that he had been promised probation, the trial court afforded him the opportunity to discuss the issue with counsel.

{¶13} The trial court then questioned Mr. King on the topic of the promise of probation, and the following discussion took place on the record during the motion hearing:

> THE COURT: Mr. King, do you remember, on the day of the plea, I asked you is there anything - - did you understand the plea offer that the State has made in your case? Remember me asking you that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And you said, "Yes, but it included probation, straight probation." I stopped you there; and I said, "Well, wait as second. No, it doesn't. The plea agreement doesn't involve straight probation." And you said you thought it did.
>
> * * *
>
> So I said, "Why don't you take some time." And you and your lawyer left and went out in the hallway and had a discussion. Then you came back in; and I said, "Now do you understand that it doesn't involve straight probation?" And you said you understood that, and that was as clear as could be. That was the issue, is whether it involved straight probation or didn't; and I told you it didn't. And I asked if you understood that; and you said, "Yes." Do you remember all that?
>
> THE DEFENDANT: Yeah. Yes.

Mr. King proceeded to argue that, despite taking the opportunity to discuss with counsel the potential for the sentence to include prison time and confirming his understanding on the record, he was under pressure and did not have time to fully think about everything or discuss it with his family. Thereafter, the trial court denied Mr. King's motion and scheduled the matter for a sentencing hearing.

{¶14} In his brief on appeal, Mr. King argues that he should have been permitted to withdraw his plea because "he reasonably believed that he was to receive probation based upon communications from his counsel," and because he only had two or three minutes to discuss the

issue with his attorneys after the trial court informed him that a promise of probation was not part of the agreement.

{¶15} Upon review, we conclude that the record shows Mr. King was represented by competent counsel and afforded a full hearing prior to entering the guilty plea. At the plea hearing, the trial court specifically addressed Mr. King's mistaken belief that he would be sentenced to probation. The trial court informed him that there was no agreement for probation, explained to Mr. King that he could be sentenced to probation or prison, and then gave him an opportunity to discuss this issue with counsel. Subsequently, Mr. King affirmed his understanding that there was no agreement as to sentencing and that he could be sentenced to prison, and Mr. King also confirmed that he had not been promised anything other than the plea offer placed on the record that day in exchange for his guilty plea. Furthermore, the trial court provided Mr. King with a full hearing on his motion to withdraw his guilty plea. At that hearing, the trial court adequately explored and considered Mr. King's argument regarding sentencing.

{¶16} The transcripts of the plea hearing and sentencing hearing reflect that Mr. King was adequately informed of the fact that his plea agreement did not call for a sentence of probation and that his guilty plea might result in a sentence that includes prison time. Mr. King's claims that his attorneys lead him to believe that he would receive probation as part of the agreement are flatly contradicted by the trial court's statements and Mr. King's own acknowledgements in the record. Further, the record does not support Mr. King's claim that he was rushed into accepting the plea offer. Based on the foregoing, Mr. King failed to meet his burden to present a reasonable and legitimate basis to withdraw his plea. *See Benson*, 2017-Ohio-8150, at ¶ 8. Consequently, we cannot conclude that the trial court abused its discretion when it denied Mr. King's motion to withdraw his guilty plea.

**{¶17}** Mr. King's assignment of error is overruled.

III.

**{¶18}** Mr. King's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

―――

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

TEODOSIO, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

NEIL P. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.