[Cite as *State v. Brundage*, 2020-Ohio-653.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | | C.A. No. 29477 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| SCOTT BRUNDAGE | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR-2017-07-2629 |

DECISION AND JOURNAL ENTRY

Dated: February 26, 2020

CALLAHAN, Presiding Judge.

{¶1}  Appellant, Scott Brundage, appeals an order that denied his motion to withdraw a guilty plea.  This Court affirms.

I.

{¶2}  Mr. Brundage pleaded guilty to rape and multiple counts of gross sexual imposition.  Within days of the plea hearing, and before the trial court sentenced him, Mr. Brundage sent a letter to the trial court indicating that he wished to withdraw his plea.  In that letter, Mr. Brundage wrote that his attorneys pressured him into accepting the plea and made representations about his potential sentence that proved to be untrue.  The trial court permitted his attorneys to withdraw, appointed new counsel, and held a hearing on the motion.  Following that hearing, the trial court denied the motion.  Mr. Brundage was sentenced to prison terms totaling twenty-four years, and he filed this appeal.

II.

## ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S PRE-SENTENCE MOTION TO VACATE HIS GUILTY PLEA[.]

{¶3} In his first assignment of error, Mr. Brundage has argued that the trial court abused its discretion by denying his motion to withdraw his guilty plea. This Court does not agree.

{¶4} Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty * * * may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." There is no "absolute right" to withdraw a guilty plea before sentencing. *State v. Xie*, 62 Ohio St.3d 521 (1992), paragraph one of the syllabus. Nevertheless, motions filed before sentencing should be granted "freely and liberally." *Id*. at 527. A trial court must conduct a hearing to determine whether the defendant has demonstrated a "'reasonable and legitimate basis'" to withdraw the plea, but it is within the trial court's discretion to determine the nature and scope of that hearing. *State v. Benson*, 9th Dist. Summit Nos. 28527, 28577, 28578, 28579, 2017-Ohio-8150, ¶ 7, quoting *Xie* at paragraph one of the syllabus and *Lorain v. Price*, 9th Dist. Lorain No. 96CA006314, 1996 WL 556916, *2 (Oct. 2, 1996).

{¶5} In every case, the defendant bears the burden of demonstrating that there is a reasonable and legitimate basis for withdrawing the plea. *State v. Jones*, 9th Dist. Wayne No. 12CA0024, 2012-Ohio-6150, ¶ 37, citing *State v. DeWille*, 9th Dist. Medina No. 2101, 1992 WL 323896, *1 (Nov. 4. 1992). The determination of whether to grant a presentence motion to withdraw a guilty plea is entrusted to the discretion of the trial court, and this Court reviews that

decision for an abuse of discretion. *See Xie* at paragraph two of the syllabus. An abuse of discretion is present when a trial court's decision "'is contrary to law, unreasonable, not supported by evidence, or grossly unsound.'" *Menke v. Menke*, 9th Dist. Summit No. 27330, 2015-Ohio-2507, ¶ 8, quoting *Tretola v. Tretola*, 3d Dist. Logan No. 8-14-24, 2015-Ohio-1999, ¶ 25.

{¶6} This Court has concluded that a trial court does not abuse its discretion by denying a presentence motion to withdraw a guilty plea when:

> (1) the defendant is represented by competent counsel; (2) the trial court provides the defendant with a full hearing before entering the guilty plea; and (3) the trial court provides the defendant with a full hearing on the motion to withdraw the guilty plea, where the court considers the defendant's arguments in support of his motion to withdraw the guilty plea.

*State v. Pamer*, 9th Dist. Medina No. 04CA0027-M, 2004-Ohio-7190, ¶ 10, citing *State v. Rosemark*, 116 Ohio App.3d 306, 308 (9th Dist.1996). Our review is also guided by considering prejudice that may be suffered by the State, the adequacy of representation afforded to the defendant, the character of the underlying plea hearing, the scope of the trial court's consideration of the motion to withdraw, the timing of the motion, the reasons articulated in the motion to withdraw, the defendant's understanding of the nature of the charges and the potential sentences, and whether the defendant may have been not guilty of the offense or had a complete defense. *State v. Wheeland*, 9th Dist. Medina No. 06CA0034-M, 2007-Ohio-1213, ¶ 12, quoting *State v. Fulk*, 3d Dist. Van Wert No. 15-04-17, 2005-Ohio-2506, ¶ 13, quoting *State v. Lewis*, 3d Dist. Allen No. 1-02-10, 2002-Ohio-3950, ¶ 11. This Court has consistently noted that "[a] mere change of heart" does not justify the withdrawal of a guilty plea. *State v. West*, 9th Dist. Summit No. 28668, 2017-Ohio-8474, ¶ 7, citing *State v. Brown*, 9th Dist. Summit No. 23759, 2007-Ohio-7028, ¶ 23.

{¶7} In his letter to the trial court, which the trial court construed as a motion to withdraw his guilty plea, Mr. Brundage alleged that his attorneys misrepresented the potential sentence that he might receive and pressured him into pleading guilty. The trial court conducted a full hearing on the motion, however, and the evidence presented at that hearing undermined Mr. Brundage's position. Mr. Brundage appeared for a complete hearing before pleading guilty, during which the trial court conducted a full colloquy with him pursuant to Crim.R. 11. During that colloquy, he acknowledged the range within which his potential sentence would fall, which was also set forth in the written plea agreement that he signed. Mr. Brundage's attorneys explained the discussions that had led up to his guilty plea on the record, and Mr. Brundage did not express any disagreement or dissatisfaction with counsel's representation. He affirmed that his attorneys had reviewed the plea agreements with him, had explained the agreements, and had answered all of his questions. The record supports the conclusion that Mr. Brundage received adequate representation from his attorneys.

{¶8} The State introduced the recording of a phone call made by the defendant on the day that he entered his guilty plea. During that call, Mr. Brundage maintained a calm, rational tone. He expressed a clear understanding of the range of sentences that he could receive and emphasized that he would not know his sentence until the trial court made a decision on the issue. He stated that his attorneys reviewed everything with him and expressed no dissatisfaction with their representation.

{¶9} The overall substance of this conversation reflected that Mr. Brundage had a change of heart regarding his plea in light of the uncertainty surrounding his sentence, and such a change does not justify withdrawing a plea. *West*, 2017-Ohio-8474, at ¶ 7, citing *Brown*, 2007-

Ohio-7028, at ¶ 23. Given these circumstances, this Court cannot conclude that the trial court abused its discretion by denying Mr. Brundage's motion to withdraw his guilty plea.

{¶10} Mr. Brundage's first assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ABUSED ITS DISCRETION [] WHEN IMPOSING SENTENCE ON APPELLANT[.]

{¶11} Mr. Brundage's second assignment of error argues that the trial court erred by imposing maximum and consecutive sentences upon him. This Court does not agree.

{¶12} This Court may modify or vacate a felony sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. With respect to maximum sentences, a trial court has "full discretion to impose a prison sentence within the statutory range" and is "no longer required to make findings or give * * * reasons for imposing maximum * * * sentences." *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, paragraph three of the syllabus.[1]

{¶13} "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). Trial courts have discretion in fashioning felony sentences with consideration for the factors provided in R.C. 2929.12(B)-(F). R.C. 2929.12(A). "R.C. 2929.12(B) includes factors that suggest that the offense is more

---

[1] The Reagan Tokes Law, Am.Sub.S.B. No. 201, 2018 Ohio Laws 157, effective March 22, 2019, made substantive amendments to Ohio's felony sentencing statutes with respect to felonies of the first and second degree committed after the effective date of the amendments. Those changes are not at issue in this appeal.

serious. R.C. 2929.12(C) includes factors suggesting the offense is less serious. The recidivism factors—factors indicating an offender is more or less likely to commit future crimes—are set forth in R.C. 2929.12(D) and (E).” *State v. Thrasher*, 9th Dist. Summit No. 27547, 2015-Ohio-2504, ¶ 5.

{¶14} Mr. Brundage does not dispute that his sentences are within the permissible range for the offenses to which he pleaded guilty. Instead, he has argued that the trial court abused its discretion by imposing two maximum sentences despite the fact that he was unlikely to reoffend in the future and by ordering him to serve consecutive sentences.

{¶15} R.C. 2929.12(D) provides that the following factors are among those “indicating that the offender is likely to commit future crimes”:

> (1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing; was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code; was under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141 of the Revised Code; was under transitional control in connection with a prior offense; or had absconded from the offender’s approved community placement resulting in the offender’s removal from the transitional control program under section 2967.26 of the Revised Code.

> (2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has a history of criminal convictions.

> (3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.

> (4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.

(5) The offender shows no genuine remorse for the offense.

On the other hand, R.C. 2929.12(E) provides that the following factors are among those "indicating that the offender is not likely to commit future crimes":

> (1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
>
> (2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
>
> (3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
>
> (4) The offense was committed under circumstances not likely to recur.
>
> (5) The offender shows genuine remorse for the offense.

{¶16} The record supports the trial court's exercise of its discretion to impose maximum sentences in this case. Neither the trial court nor the parties requested a presentence investigation, but the record indicates that Mr. Brundage pleaded guilty to multiple sex offenses involving multiple children over an extended period of time. Mr. Brundage showed no indication that he was remorseful for his conduct. Under these circumstances we cannot conclude that the trial court abused its discretion by imposing maximum sentences.

{¶17} R.C. 2929.14(C)(4) requires trial courts to make certain findings before imposing consecutive sentences:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

In order to impose consecutive sentences, "a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, syllabus. If a trial court fails to make the findings required by R.C. 2929.14(C)(4), prison terms must be served concurrently. *Id*. at ¶ 23, citing R.C. 2929.41(A). A trial court is not, however, required to explain its findings before imposing consecutive sentences. *Bonnell* at syllabus. "[T]he record must contain a basis upon which a reviewing court can determine that the trial court made the findings required by R.C. 2929.14(C)(4) before it imposed consecutive sentences[,]" but "a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Bonnell* at ¶ 28-29.

{¶18} In this case, the trial court made each of the findings required by R.C. 2929.14(C)(4) before imposing sentence in language that mirrored that of the statute, and those findings are reflected in the trial court's sentencing entry as well. *See Bonnell* at syllabus. The trial court did not err by ordering Mr. Brundage to serve his sentences consecutively.

{¶19} Mr. Brundage's second assignment of error is overruled.

III.

{¶20} Mr. Brundage's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

ANGELA M. KILLE, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.