**[Cite as *State v. Youmans*, 2020-Ohio-1097.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 29395 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ROBERT T. YOUMANS | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR-2018-01-0269 |

DECISION AND JOURNAL ENTRY

Dated: March 25, 2020

SCHAFER, Judge.

{¶1} Defendant-Appellant, Robert Youmans, appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} A grand jury indicted Youmans on one count of aggravated robbery and a three-year firearm specification. Following a period of motion practice, Youmans pleaded guilty to aggravated robbery and a one-year firearm specification. He signed a written plea of guilt, and the court accepted his plea at a hearing wherein he was represented by counsel. The court then ordered a pre-sentence investigation report and set the matter for sentencing.

{¶3} Before sentencing could occur, Youmans filed a pro se motion to withdraw his plea. His counsel filed a corresponding motion a few days later, and the court set the matter for a motion hearing. The court ultimately struck Youmans' pro se motion, denied his counsel's motion, and set the matter for sentencing. Youmans then filed an appeal pro se, however, and divested the

court of jurisdiction. Once this Court dismissed the appeal, s*ee State v. Youmans*, 9th Dist. Summit No. 29303 (Mar. 15, 2019), the trial court once again set the matter for sentencing.

{¶4} The trial court sentenced Youmans to one year in prison on his firearm specification and eight years in prison on his aggravated robbery conviction. It further ordered those terms to run consecutively for a total of nine years in prison.

{¶5} Youmans now appeals from the trial court's judgment and raises two assignments of error for our review.

II.

**Assignment of Error I**

**The trial court erred in denying [Youmans'] motion to set aside his guilty plea[.]**

{¶6} In his first assignment of error, Youmans argues that the trial court abused its discretion when it denied his pre-sentence motion to withdraw his guilty plea. We disagree.

{¶7} A defendant who has pleaded guilty may file a presentence motion to withdraw his plea. Crim.R. 32.1. "The determination of whether to grant a presentence motion to withdraw a guilty plea is entrusted to the discretion of the trial court, and this Court reviews that decision for an abuse of discretion." *State v. Brundage*, 9th Dist. Summit No. 29477, 2020-Ohio-653, ¶ 5. An abuse of discretion implies the trial court's judgment was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, this Court may not simply substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶8} Though a presentence motion to withdraw "should be freely and liberally granted," there is no "absolute right to withdraw a plea prior to sentencing." *State v. Xie*, 62 Ohio St.3d 521,

527 (1992). The trial court "must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Id.* at paragraph one of the syllabus.

> [A] trial court does not abuse its discretion by denying a presentence motion to withdraw a guilty plea when:
>
> "(1) the defendant is represented by competent counsel; (2) the trial court provides the defendant with a full hearing before entering the guilty plea; and (3) the trial court provides the defendant with a full hearing on the motion to withdraw the guilty plea, where the court considers the defendant's arguments in support of his motion to withdraw the guilty plea."

*Brundage* at ¶ 6, quoting *State v. Pamer*, 9th Dist. Medina No. 04CA0027-M, 2004-Ohio-7190, ¶ 10. Several additional factors that may be relevant to the court's inquiry include:

> prejudice that may be suffered by the State, the adequacy of representation afforded to the defendant, the character of the underlying plea hearing, the scope of the trial court's consideration of the motion to withdraw, the timing of the motion, the reasons articulated in the motion to withdraw, the defendant's understanding of the nature of the charges and the potential sentences, and whether the defendant may have been not guilty of the offense or had a complete defense.

*Brundage* at ¶ 6, citing *State v. Wheeland*, 9th Dist. Medina No. 06CA0034-M, 2007-Ohio-1213, ¶ 12. "The burden is on the defendant to establish a reasonable and legitimate basis for withdrawing the plea." *State v. King*, 9th Dist. Summit No. 29247, 2019-Ohio-3167, ¶ 9. "A mere 'change of heart' does not constitute a legitimate basis for the withdrawal of a guilty plea." *State v. Brown*, 9th Dist. Summit No. 23759, 2007-Ohio-7028, ¶ 23.

{¶9} Youmans moved to withdraw his plea based on alleged evidentiary deficiencies in the State's case. It was his position that the State would be unable to prove either that he was in possession of an operable firearm at the time of his offense or that he was the man who committed the offense. Further, at his motion hearing, he averred that "[t]here was too much going on" when he pleaded guilty. He claimed that he had been reluctant to accept his plea and overwhelmed by the significant amount of time he had already spent in the jail. Youmans indicated that he wished to withdraw his plea so that the matter could be fully investigated.

{¶10} The trial court found that Youmans had merely experienced a change of heart regarding his plea. It noted that he had the benefit of counsel throughout the proceedings and had indicated that he was satisfied with his counsel's performance. It further noted that it had spent a significant amount of time talking with him at his plea hearing about the consequences of his plea, the potential penalties he faced, and the rights he was waiving by pleading guilty. The court concluded that Youmans had failed to set forth a reasonable and legitimate basis for withdrawing his plea. Consequently, it denied his motion to withdraw.

{¶11} On appeal, Youmans concedes that he was represented by competent counsel in the lower court. He also concedes that the trial court provided him with a full plea hearing and a full hearing on his motion to withdraw. It is his position that the court abused its discretion when it denied his motion to withdraw because it failed to consider other factors that weighed in his favor. *See Brundage*, 2020-Ohio-653, at ¶ 6, citing *Wheeland*, 2007-Ohio-1213, at ¶ 12. He notes that he filed his motion relatively soon after his plea hearing, so the State would not have suffered any prejudice if the court had granted it. Further, he notes that questions remained about his actual innocence and whether the State would have been able to prove his charges at trial. Because the trial court failed to consider these factors, Youmans argues, he is entitled to relief on his motion to withdraw.

{¶12} Upon review, we cannot conclude that the trial court abused its discretion when it denied Youmans' motion to withdraw. *See Brundage* at ¶ 5. As noted, a trial court does not abuse its discretion by denying a presentence motion to withdraw a guilty plea when a defendant had competent counsel, was provided with a full plea hearing, and was afforded a full hearing on his motion to withdraw. *Id.* at ¶ 6, quoting *Pamer*, 2004-Ohio-7190, at ¶ 10. The record supports the conclusion that the foregoing conditions were satisfied herein. Indeed, it reflects that the trial court

spent a significant amount of time speaking with Youmans at his plea hearing. Youmans was engaged and inquisitive throughout that hearing, and the court took great care to answer all his questions to the best of its ability. Throughout that discussion, Youmans never expressed concerns about his actual innocence or the strength of the State's evidence. His concerns all pertained to the amount of time he would serve and how soon he would be eligible for judicial release. The record, therefore, supports the trial court's conclusion that Youmans merely experienced a change of heart regarding his plea. *Brown*, 2007-Ohio-7028, at ¶ 23. Because he failed to establish a reasonable and legitimate basis for withdrawing his plea, the trial court did not abuse its discretion when it denied his motion. *See King*, 2019-Ohio-3167, at ¶ 9. Youmans' first assignment of error is overruled.

## Assignment of Error II

**The trial court erred in its sentencing of [Youmans] based on factors outside the sentencing statute[.]**

{¶13} In his second assignment of error, Youmans argues that the trial court erred when it sentenced him to nine years in prison based on an improper sentencing factor. For the following reasons, we reject his argument.

{¶14} In reviewing a felony sentence, "[t]he appellate court's standard of review is not whether the sentencing court abused its discretion." R.C. 2953.08(G)(2). "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence" that (1) "the record does not support the trial court's findings under relevant statutes," or (2) "the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. A sentencing court has "full discretion to impose a prison sentence within the statutory range" and is not "required to make findings or give their reasons for imposing * * *

more than the minimum sentences." *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, paragraph seven of the syllabus.

{¶15} During Youmans' plea hearing, the trial court repeatedly informed him that it could not make any promises about the length of his sentence because it had not yet reviewed additional information that would bear upon its decision. The court stated that, "with everything [it knew] today [at the hearing]," it was "somewhere in the four, five, six year range on the [aggravated robbery count], plus the one year [for the firearm specification]." Nevertheless, it cautioned Youmans that its decision would depend upon the presentence investigation report, any victim impact statements that might be given, and his behavior between the time of his plea and the time of his sentencing. The court ultimately sentenced Youmans to one year on his firearm specification and eight years on his aggravated robbery count. According to Youmans, the court only sentenced him to additional time because he filed a motion to withdraw his plea and a premature notice of appeal. He avers that the court treated his filings as a failure to accept responsibility on his part. Because his filings should not have been factors in the court's decision-making, Youmans argues, the court erred when it sentenced him to nine years in prison.

{¶16} Upon review, Youmans has not shown that his sentence is contrary to law or that the record does not support the trial court's findings. *See Marcum* at ¶ 1. First, the trial court imposed a sentence within the statutory guideline range, as Youmans' aggravated robbery count, standing alone, was punishable by up to eleven years in prison. *See* R.C. 2929.14(A)(1)(b). Second, the court was statutorily compelled to consider Youmans' lack of remorse in the exercise of its sentencing discretion. *See* R.C. 2929.12(D)(5). Though it was not required to explain its reasoning, *see Foster* at paragraph seven of the syllabus, the court specifically noted that it was imposing a longer sentence than it had originally envisioned due to Youmans' refusal to accept

responsibility. Even at the sentencing hearing Youmans attempted to downplay his conduct, claiming that one of the employees at the store he robbed had set up the robbery so "nobody could have gotten hurt." The court cited his lack of remorse, not his pro se filings, as a factor in its decision to impose a longer sentence.

{¶17} Finally, Youmans cannot establish that his sentence is contrary to law because the record does not contain the presentence investigation report that the court considered in fashioning his sentence. In arguing for a lengthier sentence, the State indicated that it had reviewed the report and that Youmans had not shown any remorse throughout that investigation. "'[W]ithout the context that the [presentence investigation] report might provide, we cannot conclude that there is clear and convincing evidence in the record that [Youmans'] sentence is contrary to law.'" *State v. Lucas*, 9th Dist. Summit No. 29077, 2019-Ohio-2607, ¶ 15, quoting *State v. Shelton*, 9th Dist. Lorain No. 18CA011368, 2019-Ohio-1694, ¶ 8. As such, we reject Youmans' argument that the trial court erred when it sentenced him to nine years in prison. His second assignment of error is overruled.

## III.

{¶18} Youmans' assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JULIE A. SCHAFER
FOR THE COURT

HENSAL, J.
CONCURS.

CARR, P. J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

DONALD R. HICKS, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.