[Cite as *State v. White*, 2020-Ohio-4805.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS | |
| | )ss: | NINTH JUDICIAL DISTRICT | |
| COUNTY OF SUMMIT | ) | | |

STATE OF OHIO

    Appellee

v.

DEAN JONATHON WHITE

    Appellant

C.A. No.     29634

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 19 01 0224

DECISION AND JOURNAL ENTRY

Dated: October 7, 2020

TEODOSIO, Judge.

{¶1} Defendant-Appellant, Dean White, appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} Mr. White was indicted on charges of compelling prostitution, felonious assault, sexual battery, unlawful sexual conduct with a minor, and endangering children. He pleaded guilty to felonious assault and sexual battery, and his remaining charges were dismissed. The trial court ordered that a pre-sentence investigation report and psycho-sexual evaluation be completed and scheduled the matter for sentencing. It ultimately sentenced Mr. White to prison on each of his counts and ordered his sentences to run consecutively for a total of nine and one-half years in prison. The court also classified him as a tier III sexual offender.

{¶3} Mr. White now appeals from the trial court's judgment and raises one assignment of error for our review.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED TO THE PREJUDICE OF MR. WHITE BY CONSECUTIVE SENTENCES IN VIOLATION OF MR. WHITE'S RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION.

**{¶4}** In his sole assignment of error, Mr. White argues that the trial court erred when it sentenced him to consecutive prison terms. We disagree.

**{¶5}** An appellate court's standard for review of a felony sentence is not whether the sentencing court abused its discretion. R.C. 2953.08(G)(2). The Supreme Court of Ohio has held that "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1; R.C. 2953.08(G)(2). "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 477 (1954).

**{¶6}** R.C. 2929.14(C)(4) requires trial courts to make certain findings before imposing consecutive sentences:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section

2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

In order to impose consecutive sentences, "a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry * * *." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, syllabus. Yet, it is not required "to explain its findings before imposing consecutive sentences." *State v. Brundage*, 9th Dist. Summit No. 29477, 2020-Ohio-653, ¶ 17, citing *Bonnell* at syllabus. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Bonnell* at ¶ 29.

{¶7} Mr. White argues that the trial court erred when it sentenced him to consecutive prison terms because consecutive service is disproportionate to the seriousness of his offenses. According to Mr. White, the record does not support the conclusion that the harm he caused was unusually great or that he posed any serious danger to the public. He notes that his risk of reoffending was categorized as average and he had no criminal record. Because the trial court did not make the required findings for consecutive sentences on the record at his sentencing hearing or in its sentencing entry, he argues, his sentence is contrary to law.

{¶8} The record reflects that the trial court made each of the required findings under R.C. 2929.14(C) at Mr. White's sentencing hearing and in its sentencing entry. The court determined that consecutive sentences were (1) necessary to protect the public or to punish Mr. White, and (2)

not disproportionate to the seriousness of his conduct and the danger he posed to the public. *See* R.C. 2929.14(C)(4). Further, the court determined that at least two of his offenses were committed as part of a course of conduct and the harm committed was so great or unusual that no single prison term would adequately reflect its seriousness. *See* R.C. 2929.14(C)(4)(b). Much of Mr. White's argument appears to be that the trial court did not specify what evidentiary support it relied upon to make each of those findings. "Yet, the court was not required to explain its findings before it issued consecutive sentences." *State v. Andrews*, 9th Dist. Summit No. 29260, 2020-Ohio-2703, ¶ 55, citing *Brundage* at ¶ 17, citing *Bonnell* at syllabus. The court specifically noted that Mr. White had taken advantage of his nephew while his nephew was under his care and was vulnerable as a result of being displaced from his home. The court further noted that Mr. White had a history of sexual addiction, had groomed the victim, and did not appear to have taken full responsibility for the weight of his actions. In fashioning Mr. White's sentence, the court indicated that it had considered the statements of counsel and Mr. White, the pre-sentence investigation report, the psycho-sexual evaluation, letters from the victim and his family, and letters submitted on behalf of Mr. White. Because the record reflects that the court considered the appropriate statutory factors and made each of the findings required by R.C. 2929.14(C)(4) at the sentencing hearing and in its sentencing entry, we cannot conclude that it erred when it ordered Mr. White to serve his sentences consecutively. *See Brundage* at ¶ 18. Mr. White's sole assignment of error is overruled.

III.

{¶9} Mr. White's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

CALLAHAN, P, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

DAVID G. LOMBARDI, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.