[Cite as *State v. Braley*, 2022-Ohio-2489.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | | C.A. No. 29834 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| CINDERELLA BRALEY | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR 19 03 0828 |

DECISION AND JOURNAL ENTRY

Dated: July 20, 2022

TEODOSIO, Presiding Judge.

{¶1} Appellant, Cinderella Braley, appeals from the judgment of the Summit County Court of Common Pleas denying her motion to withdraw her guilty plea. This Court affirms.

I.

{¶2} Ms. Braley was indicted on one count of identity fraud,[1] a felony of the fourth degree. *See* R.C. 2913.49(B)(2) and (I)(3). As the disabled victim's in-home caregiver, Ms. Braley allegedly set up payment accounts for utility bills at her own residence in the victim's name and without the victim's consent. Ms. Braley pled guilty to the offense, and sentencing was set out to allow the victim to be present. At sentencing, however, Ms. Braley told the court that she had had "second thoughts" because of some "evidence" on her phone and therefore

---

[1] While the offense was indicted simply as "identity fraud," and the trial court and all parties consistently referred to it as such, the victim in this matter is disabled and the statutory name of the offense is technically "identity fraud against a person in a protected class." R.C. 2913.49(I)(3).

wished to file a motion to withdraw her plea. The court permitted Ms. Braley's attorney to withdraw from the case due to a breakdown in communication, appointed new counsel to represent her, and set the matter for a status conference. Ms. Braley filed a motion to withdraw her plea, the State filed a response in opposition, and a hearing date was set. Following the hearing, the court took the matter under advisement and later issued an order denying the motion. At sentencing, the court suspended a twelve-month prison sentence, placed Ms. Braley on two years of community control, ordered her to complete forty hours of community service, ordered her to engage in financial counseling, and ordered no contact with the victim.

{¶3} Ms. Braley now appeals from the trial court's judgment denying her motion to withdraw her guilty plea and raises one assignment of error for this Court's review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING MS. BRALEY'S PRESENTENCE MOTION TO WITHDRAW HER PLEA

{¶4} In her sole assignment of error, Ms. Braley argues that the trial court abused its discretion in denying her presentence motion to withdraw her plea. We disagree.

{¶5} Crim.R. 32.1 provides for the withdrawal of a guilty plea prior to the imposition of sentence. Although a presentence motion to withdraw "'should be freely and liberally granted,'" there is no "'absolute right to withdraw a plea prior to sentencing.'" *State v. Youmans*, 9th Dist. Summit No. 29395, 2020-Ohio-1097, ¶ 8, quoting *State v. Xie*, 62 Ohio St.3d 521, 527 (1992). The defendant instead bears the burden of demonstrating a "reasonable and legitimate basis" for withdrawing her plea. *State v. Troyer*, 9th Dist. Wayne No. 21AP0051, 2022-Ohio-1903, ¶ 7. "A defendant's burden to supply a reasonable and legitimate basis for withdrawing a plea recognizes the state's interest in preserving guilty pleas." *State v. DeWille*, 9th Dist. Medina No. 2101, 1992

WL 323896, *1 (Nov. 4, 1992). The trial court must conduct a hearing to determine whether the defendant has demonstrated a reasonable and legitimate basis to withdraw the plea, but it is within the trial court's discretion to determine the nature and scope of that hearing. *Troyer* at ¶ 6.

{¶6} Because the decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court, we review the court's decision for an abuse of discretion. *Id.* at ¶ 7, citing *Xie* at paragraph two of the syllabus. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying an abuse of discretion standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶7} This Court has consistently held that a trial court does not abuse its discretion by denying a presentence motion to withdraw a guilty plea when:

> (1) the defendant is represented by competent counsel; (2) the trial court provides the defendant with a full hearing before entering the guilty plea; and (3) the trial court provides the defendant with a full hearing on the motion to withdraw the guilty plea, where the court considers the defendant's arguments in support of [her] motion to withdraw the guilty plea.

*Troyer* at ¶ 8, quoting *State v. Pamer*, 9th Dist. Medina No. 04CA0027-M, 2004-Ohio-7190, ¶ 10, citing *State v. Rosemark*, 116 Ohio App.3d 306, 308 (9th Dist.1996). The trial court's decision should take into consideration "'the facts and circumstances of each case.'" *State v. Wheeland*, 9th Dist. Medina No. 06CA0034-M, 2007-Ohio-1213, ¶ 11, quoting *State v. West*, 9th Dist. Lorain No. 04CA008554, 2005-Ohio-990, ¶ 23. This Court must then consider those same facts and circumstances when reviewing the trial court's decision. *Id.* Our review is further guided by considering additional factors, including: (1) prejudice that may be suffered by the State, (2) the

adequacy of representation afforded to the defendant, (3) the character of the underlying plea hearing, (4) the scope of the trial court's consideration of the motion to withdraw, (5) the timing of the motion, (6) the reasons articulated in the motion to withdraw, (7) the defendant's understanding of the nature of the charges and the potential sentences, and (8) whether the defendant may have been not guilty of the offense or had a complete defense. *Troyer* at ¶ 8; *Wheeland* at ¶ 12. Finally, "[t]his Court has consistently noted that '[a] mere change of heart' does not justify the withdrawal of a guilty plea." *Troyer* at ¶ 8, quoting *State v. West*, 9th Dist. Summit No. 28668, 2017-Ohio-8474, ¶ 7, citing *State v. Brown*, 9th Dist. Summit No. 23759, 2007-Ohio-7028, ¶ 23.

{¶8} The record in this case reflects that the trial court conducted a full colloquy with Ms. Braley, pursuant to Crim.R 11, once she decided to withdraw her plea of not guilty and enter a plea of guilty. The court explained the maximum penalties she faced by pleading guilty to identity fraud, a felony of the fourth degree, as well as the constitutional and nonconstitutional rights she would be waiving by entering a plea of guilty. Ms. Braley indicated to the court that she understood the charge against her, the maximum penalties she faced, and each of the rights she would be waiving by pleading guilty. The court asked if she was a United States citizen, and Ms. Braley said yes. The court asked if she was presently under the influence of drugs or alcohol, if any promises were made to get her to plead guilty, and if she was currently under supervision anywhere else. Ms. Braley said no to each of those inquiries. After also explaining her appellate rights, the court asked Ms. Braley if she had enough time to speak with her attorney, to which she replied yes. The court then asked Ms. Braley if she needed any more time to speak with her attorney to ask him any questions or to go over any details with him, to which she replied no. When asked how she wished to plead to the charge of identity fraud, Ms. Braley pled guilty. The

court accepted her guilty plea as knowingly, intelligently, and voluntarily made, and found her guilty of the offense. The record also includes a written plea of guilty, which was signed by Ms. Braley, her attorney, and the trial court judge on that same day. Sentencing was set out at a later date to allow the victim to be present.

{¶9} At her sentencing hearing, Ms. Braley told the court that she had had "second thoughts" since pleading guilty and tried to contact her attorney regarding a motion to withdraw her plea. She claimed to have evidence on her cell phone that the victim "knew about the utilities," which she purportedly tried to show her attorney multiple times. At the request of both Ms. Braley and her attorney, the court permitted counsel to withdraw from the case and then appointed new counsel to represent Ms. Braley.

{¶10} In her motion to withdraw her guilty plea, Ms. Braley argued that her guilty plea should be withdrawn because her ongoing friendship with the victim resulted in the victim giving her permission to open the two utility accounts in the victim's name. The State opposed the motion, characterizing it as a disingenuous attempt to withdraw a guilty plea based on a mere change of heart.

{¶11} A hearing was then held on the motion before a visiting judge sitting by assignment. Ms. Braley testified at the hearing that she was friends with the victim even before she began working as the woman's in-home caregiver. She testified that when she gave the victim her 30-day notice terminating her employment, however, the victim sent her a message one day later via Facebook Messenger, a printed screenshot of which was entered into evidence at the hearing. The message is dated November 14, 2017, and states: "Your utilities are in my name[;] they need to be in your name. If their (sic) not changed into your name tomorrow[,] I am going to cancel it[;] you'll have pay (sic) turn them on." Ms. Braley testified that she cut off all social media contact

with the victim after receiving the message. She further testified that she provided the message to her first attorney via email, but he told her it would be inadmissible. On cross-examination, she freely admitted that she was in possession of the message and that her attorney had a copy of it before she entered her plea of guilty. She further admitted that, despite the existence of the message, she still decided to plead guilty in this case.

{¶12} In its order denying the motion to withdraw her plea, the trial court found that Ms. Braley was represented by competent counsel and was afforded a full hearing prior to entering her plea of guilty. The court reviewed the plea colloquy and found "no evidence in the record that [Ms. Braley] hesitated or ever expressed reservations about entering a guilty plea to the charge." It further found that Ms. Braley's motion to withdraw her guilty plea "never mentions any dissatisfaction with [defense counsel's] representation[.]" The court also found that it held a full hearing on Ms. Braley's motion to withdraw her plea. Upon consideration, the court found Ms. Braley's testimony at the hearing to be "lacking in two respects: credibility and relevancy of the proposed exonerating evidence." It noted defense counsel's acknowledgement at the hearing that Ms. Braley admitted lying to Akron police detectives, and thus questioned whether she was now being truthful about receiving permission to open the accounts in the victim's name. Ms. Braley initially told police that the victim herself had contacted the utility companies and set up the accounts. The court found Ms. Braley's testimony "not to be credible based on her past untruthful statements to police and her demeanor while testifying." The court further found that, assuming its authenticity, the Facebook message only threatens to turn off the utilities; it does not state that Ms. Braley had permission to open the accounts in the victim's name. Ultimately, the court concluded that Ms. Braley failed to demonstrate a reasonable and legitimate basis to withdraw her guilty plea.

{¶13} On appeal, Ms. Braley argues that the trial court abused its discretion by "thoroughly discounting" the victim's Facebook message, as the court questioned both the authenticity and relevance of the evidence when such determinations should have been left for a jury to decide at trial. She claims that "the trial court judge's imposition of her own judgment on [the message's] value in place of the jury at trial[] is arbitrary and unreasonable." She speculates that the victim could have later authenticated the Facebook message at trial and contends that she could have also been questioned regarding Ms. Braley's claim that she had permission to open the utility accounts in the victim's name. Although she stops short of actually claiming ineffective assistance of counsel, Ms. Braley argues that counsel's failure to consider her evidence or present it to the State is "unquestionably a reasonable and legitimate reason * * * to withdraw her plea."

{¶14} Upon review, we cannot conclude that the trial court abused its discretion in denying Ms. Braley's motion to withdraw her guilty plea. As noted, this Court has consistently refused to find an abuse of discretion in a trial court's denial of a motion to withdraw a guilty plea "when a defendant had competent counsel, was provided with a full plea hearing, and was afforded a full hearing on [her] motion to withdraw." *Youmans* at ¶ 12. *See also Troyer* at ¶ 8; *Pamer* at ¶ 10. Ms. Braley concedes in her merit brief that all three of these elements were satisfied in her case, and the record supports that conclusion. Instead, the crux of Ms. Braley's motion to withdraw her plea centered around a possible consent defense based on a single Facebook message allegedly from the victim demanding that Ms. Braley change the utility bills into her own name. Yet, Ms. Braley admitted at the motion hearing that she was fully aware of this message, possessed it, provided a copy of it to her attorney, discussed it with her attorney prior to pleading guilty, and pled guilty despite its existence. As the trial court recognized, the message itself does not actually state or reference any permission for Ms. Braley to open the utility accounts in the victim's name;

it only demands that she remove the victim's name from the accounts. As the trial court also explained to her at the change of plea hearing, consent may be revoked and Ms. Braley was charged with committing identity fraud between September 1, 2017, and May 7, 2018, a date range which spans well beyond the November 14, 2017, Facebook message.

{¶15} Ms. Braley has also never alleged ineffective assistance of counsel in this matter. The trial court specifically asked her during the plea colloquy if she had enough time to speak with her attorney and if she needed any more time to speak with him regarding any questions or details. Ms. Braley indicated that she had enough time to speak with counsel and declined the offer to speak further with him. She also signed a written plea of guilty that same day which explicitly states, among other things, "I understand the nature of these charges and the possible defenses I might have to the charges" and "I am satisfied with my attorney's advice and competence." At no time during the plea hearing did Ms. Braley either assert her actual innocence or indicate that she had any evidence supporting a possible defense to the charge of identity fraud. At her initial sentencing hearing, Ms. Braley specifically told the court that she wished to withdraw her guilty plea because she was now having "second thoughts" about it.

{¶16} The record therefore supports a conclusion that Ms. Braley experienced a mere change of heart following her plea of guilty, which does not justify the withdrawal of a guilty plea. *See Troyer* at ¶ 8; *West*, 2017-Ohio-8474, at ¶ 7; *Brown* at ¶ 23. While presentence motions to withdraw should be freely and liberally granted, Ms. Braley did not have an absolute right to withdraw her guilty plea prior to sentencing. *Youmans* at ¶ 8; *Xie* at 527. The trial court considered Ms. Braley's testimony and the evidence she presented at the motion hearing, but it was not convinced that she established a reasonable and legitimate basis to withdraw her guilty plea, and we decline to second-guess the trial court's findings. *See Xie* at 525. "The trial court was in a

better position to evaluate the motivations behind the guilty plea than is an appellate court which is only reviewing a record of the hearing." *Id.* We therefore defer to the judgment of the trial court here because "'the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court.'" *Id.*, quoting *State v. Smith*, 49 Ohio St.2d 261, 264 (1977).

{**¶17**} Given the facts and circumstances of this case, we cannot say that the trial court abused its discretion in denying Ms. Braley's motion to withdraw her guilty plea.

{**¶18**} Ms. Braley's sole assignment of error is overruled.

### III.

{**¶19**} Ms. Braley's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

CARR, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

ALAN M. MEDVICK, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.