[Cite as *State v. Shepherd*, 2025-Ohio-1779.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 2024CA0045-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| LAURA L. SHEPHERD | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 2023CR0433 |

DECISION AND JOURNAL ENTRY

Dated: May 19, 2025

HENSAL, Judge.

{¶1} Laura Shepherd appeals from the judgment of the Medina County Court of Common Pleas. This Court affirms.

I.

{¶2} Ms. Shepherd was indicted on one count of domestic violence. The offense was charged as a fourth-degree felony based on her having a prior conviction for domestic violence. She initially pleaded not guilty to the charge. With the advice of counsel, she later withdrew that plea and entered a plea of no contest. The trial court set the matter for sentencing.

{¶3} Before sentencing occurred, Ms. Shepherd moved to withdraw her plea. She claimed newly discovered evidence had provided her with a potential basis for a defense. The State filed a brief in opposition to her motion, and the trial court scheduled a hearing. The hearing was postponed because Ms. Shepherd sought to retain new counsel. Her new attorney appeared at the rescheduled hearing and argued on her behalf. The trial court denied Ms. Shepherd's motion.

The court found that she had failed to demonstrate a reasonable and legitimate basis for withdrawing her plea.

{¶4} After the trial court denied her motion, Ms. Shepherd moved to supplement the record with an affidavit. The trial court denied the motion to supplement, and the matter proceeded to sentencing. Ms. Shepherd orally renewed her motion to withdraw her plea at the time of sentencing, but the court once again denied her motion. The court sentenced her to a jail term, five years of community control, and other conditions.

{¶5} Ms. Shepherd now appeals from the trial court's judgment and raises one assignment of error for review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR THAT DEPRIVED LAURA L. SHEPHERD OF A TRIAL AND DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTION TEN OF THE OHIO CONSTITUTION BY DENYING LAURA L. SHEPHERD'S PRESENTENCE MOTION TO WITHDRAW HER GUILTY PLEA.

{¶6} Ms. Shepherd argues the trial court erred when it denied her presentence motion to withdraw her no contest plea. We do not agree.

{¶7} Criminal Rule 32.1 allows a defendant to seek the withdrawal of her plea either before or after sentence is imposed. A presentence motion to withdraw a plea "should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527 (1992). Even so, no defendant has an "absolute right" to withdraw a plea prior to sentencing. *Id.* at paragraph one of the syllabus. "The trial court must hold a hearing on the defendant's motion and 'determine whether there is a reasonable and legitimate basis for the withdrawal of the plea.'" *State v. Baker*, 2016-Ohio-8026,

¶ 6 (9th Dist.), quoting *Xie* at 527. The defendant bears the burden of demonstrating a reasonable and legitimate basis for withdrawing the plea. *State v. Jones*, 2012-Ohio-6150, ¶ 37 (9th Dist.).

{¶8} A motion to withdraw a plea "is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph two of the syllabus. Consequently, "[t]his Court will review a trial court's ruling on a presentence motion to withdraw under an abuse of discretion standard of review." *Baker* at ¶ 7. An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

{¶9} This Court traditionally has taken a multi-factored approach when reviewing the denial of a motion to withdraw a presentence plea. We have held that a trial court does not abuse its discretion by denying such a motion when:

> (1) the defendant is represented by competent counsel; (2) the trial court provides the defendant with a full hearing before entering the [no contest] plea; and (3) the trial court provides the defendant with a full hearing on the motion to withdraw the [no contest] plea, where the court considers the defendant's arguments in support of his motion to withdraw the [no contest] plea.

*State v. Pamer*, 2004-Ohio-7190, ¶ 10 (9th Dist.). We also have sanctioned the consideration of additional, relevant factors, including:

> (1) prejudice that may be suffered by the State, (2) the adequacy of representation afforded to the defendant, (3) the character of the underlying plea hearing, (4) the scope of the trial court's consideration of the motion to withdraw, (5) the timing of the motion, (6) the reasons articulated in the motion to withdraw, (7) the defendant's understanding of the nature of the charges and the potential sentences, and (8) whether the defendant may have been not guilty of the offense or had a complete defense.

*State v. Braley*, 2022-Ohio-2489, ¶ 7 (9th Dist.). We have held that trial courts must consider "'the facts and circumstances of each case.'" *State v. West*, 2005-Ohio-990, ¶ 23 (9th Dist.), quoting *Pamer* at ¶ 11.

{¶10} The Ohio Supreme Court recently considered whether a multi-factored approach applies when a defendant moves to withdraw his plea based on evidence withheld from him before he entered it. *State v. Barnes*, 2022-Ohio-4486. Mr. Barnes was charged with murder after he engaged in a gun fight with two men and a bystander died from a bullet wound. *Id.* at ¶ 3. There was footage of the shooting, but Mr. Barnes never saw it. *Id.* at ¶ 4. The State provided the footage directly to his counsel and designated it "counsel only." *Id.* Believing there was no evidence to support his claim of self-defense, Mr. Barnes pleaded guilty to involuntary manslaughter. *Id.* at ¶ 6. He did not learn of the footage until the night before his sentencing hearing. *Id.* at ¶ 7. At that time, he was inadvertently given access to the footage. *Id.* Mr. Barnes then moved to withdraw his plea at his scheduled sentencing hearing. *Id.*

{¶11} The trial court held two hearings on Mr. Barnes' presentence motion to withdraw and appointed him new counsel for the second hearing. *Id.* at ¶ 8. Mr. Barnes explained that his former attorneys had never allowed him to view the footage, which included audio. *Id.* He called both attorneys to testify as witnesses, and neither could recall showing him the footage. *Id.* Mr. Barnes testified that he had military training and that he believed the audio from the footage showed he did not shoot first. *Id.* at ¶ 8, 23. He stated that he would not have pleaded guilty if he had seen the footage because it supported his claim of self-defense. *Id.* at ¶ 8, 23.

{¶12} The trial court and the appellate court applied a version of the traditional, multi-factored test to Mr. Barnes' motion and refused to allow him to withdraw his plea. *Id.* at ¶ 9, 16-17. Upon review, the Supreme Court rejected that approach. *Id.* ¶ 23. It confirmed, as a starting

point, the foundational presumption that presentence motions to withdraw are to be freely and liberally granted. *Id.* at ¶ 21. The Supreme Court found that there was evidence (1) Mr. Barnes' attorney withheld the footage from him, and (2) had he known about it, he would not have pleaded guilty. *Id.* at ¶ 1, 23. The Supreme Court held that "when a defendant discovers evidence that would have affected his decision to plead guilty, he has a reasonable and legitimate basis to withdraw his guilty plea before sentence." *Id.* at ¶ 24. Consequently, it reversed the judgment of the lower courts and vacated Mr. Barnes' conviction. *Id.* at ¶ 27.

{¶13} The record shows Ms. Shepherd had a full plea hearing at which she was represented by counsel. The trial court reviewed her constitutional and non-constitutional rights at that time. It also asked Ms. Shepherd whether she had been given enough time to meet with her attorney, whether she needed more time, whether her attorney had answered all her questions, whether she understood the allegations and charge against her, and whether she was satisfied with her attorney's representation. Ms. Shepherd responded affirmatively to each inquiry. On appeal, she has not claimed that she was denied a full plea hearing or competent counsel.

{¶14} Ms. Shepherd's written motion to withdraw her plea consisted of a single page. It provided, as grounds for the motion, that Ms. Shepherd "believes additional information discovered provides a potential basis for a defense." The motion did not elaborate on that information or the potential defense. Nor was any evidence attached to the motion. The State opposed the motion based on Ms. Shepherd having received a full plea hearing with competent counsel and its expectation that the court would conduct a full hearing on her motion to withdraw.

{¶15} Ms. Shepherd hired new counsel before the hearing on her motion to withdraw. At the hearing, her new attorney joined in the motion filed by former counsel. He indicated that Ms. Shepherd was moving to withdraw her plea based on newly discovered evidence and her inability

to communicate with her former attorney about discovery. The trial court asked the attorney to provide "a little bit more factual information" about the newly discovered evidence and the time delay involved in Ms. Shepherd learning that information. The attorney responded:

> Ms. Shepherd's been in counseling and some of the information has come by the counseling. Some of it's also come from her sixteen-year-old son that was not - - nobody questioned him at the time, nobody talked to him at the time.
>
> Additionally, Ms. Shepherd would say that she did not have an opportunity to go over the discovery prior to initially entering her plea.

The trial court noted that, before accepting Ms. Shepherd's plea, it had specifically asked her whether she felt satisfied with her counsel's representation, whether she had enough time to meet with him, and whether she needed more time. The court asked the attorney to explain why it should vacate its ruling that Ms. Shepherd knowingly, intelligently, and voluntarily entered her plea. The attorney responded:

> Well, your Honor, I guess I would say in the interest of justice to do that for Ms. Shepherd. She is prepared to go forward with trial at this point in time. We're not trying to weasel or negotiate something different. I think she understands more clearly her defenses. I think she's prepared to enter a self-defense claim. I just -- I think based upon her understanding of – for lack of a better word – the battered woman syndrome, the situation surrounding that, I don't think she had a total understanding of that before.
>
> Again, I know what she's telling me now. I wasn't here then, your Honor.

Ms. Sheperd raised her hand several times during the hearing, as noted in the transcript by the court reporter. When her attorney finished speaking, the trial court asked whether he would like to permit Ms. Shepherd to address the court. The new attorney declined the court's invitation to have Ms. Shepherd speak. No one testified on her behalf, and no evidence was introduced. The trial court concluded the hearing by taking the matter under advisement.

{¶16} The court later issued a written decision on Ms. Shepherd's motion. It found that Ms. Shepherd had not presented "any evidence" in support of her motion to withdraw, despite

being given the opportunity to do so. Instead, she had relied on the "unsupported, conclusory statements of counsel . . . ." The court found that Ms. Shepherd had been given a full hearing at the time she entered her plea and had not challenged her former counsel's competency. It noted that she had specifically agreed she (1) was satisfied with her attorney, (2) had informed him of all the facts and circumstances of her case, and (3) did not need more time to consult with him. The court found the lack of any testimony or other evidence in support of her motion to withdraw significant. Although the timing of her motion was reasonable, the court found the grounds set forth therein were insufficient to warrant relief. It concluded that Ms. Shepherd had not demonstrated a reasonable and legitimate basis for withdrawing her plea. Consequently, it denied her motion.

{¶17} After the trial court denied her motion, Ms. Shepherd filed a motion to supplement the record with evidence in support of her motion to withdraw. She attached her own affidavit to the motion. The trial court denied the motion to supplement. The court noted that it had already denied Ms. Shepherd's motion to withdraw following a hearing on the motion.

{¶18} Ms. Shepherd also renewed her motion to withdraw at the time of sentencing. Before doing so, her attorney provided the court with a folder of materials. None of the materials are in the record. Her attorney stated:

> Judge, . . . again, for all the reasons that we have set forth in the past, as well as what we have supplemented the record with and the things that we provided the Court . . ., I think that there is more than sufficient cause to allow Ms. Shepherd to withdraw her plea, and we would ask the Court to allow that at this time.

The trial court immediately denied the motion and sentenced Ms. Shepherd. As part of her allocution, Ms. Shepherd made multiple statements about the therapy she had received, how the victim had beaten her previously, and how he had attacked her on the night in question. She also referred to her having acted in self-defense.

{¶19}  Ms. Shepherd argues the trial court abused its discretion when it denied her motion to withdraw her plea.  She argues that she should have been permitted to present a claim of self-defense on the merits because she did not discover new facts and information about that defense until after she entered her plea.  She points to statements she made in her affidavit and at her sentencing hearing.  According to Ms. Shepherd, before therapy, she did not understand the effect abuse had on her mental state.  Specifically, she was "unaware of her diagnosis as a battered woman, and the application of the battered woman's syndrome related to a claim of self-defense against the allegations of domestic violence."  She argues that her former counsel could not have properly advised her about facts unknown to her at the time he represented her.  She insists this matter is analogous to *Barnes* because, just like Mr. Barnes, she uncovered important new evidence after she entered her plea.  Accordingly, she argues that she presented a reasonable and legitimate basis for withdrawing her plea.

{¶20}  To the extent Ms. Shepherd relies on statements from her affidavit, statements she made at sentencing, and any information contained in the folder of materials her attorney provided the trial court, none of those statements or items were before the court when it ruled on her motion to withdraw her plea. Ms. Shepherd tried to supplement the record after the court issued its ruling, but the trial court denied her motion to supplement.  Moreover, while the court allowed her to orally renew her motion to withdraw at the start of the sentencing hearing, it gave no indication that it was considering her affidavit or any additional materials.  Ms. Shepherd has not challenged the trial court's denial of her motion to supplement.  This Court cannot consider evidence that was not before the trial court when it made its decision.  *See State v. Ishmail*, 54 Ohio St.2d 402 (1978), paragraph one of the syllabus.  Accordingly, we limit our review to the arguments before the trial court at the time it issued its ruling.

{¶21}  This case is readily distinguishable from *Barnes*.  In *Barnes*, there was no dispute that evidence had been withheld from the defendant before he entered his plea.  *See Barnes*, 2022-Ohio-4486, at ¶ 4, 7.  Mr. Barnes presented evidence to that effect in the form of testimony from his former attorneys and himself.  The only issue before the Supreme Court was "whether a defendant in a criminal case has a reasonable and legitimate basis to withdraw his guilty plea when, before sentencing, he discovers evidence that (1) his attorney withheld from him and (2) would have negated his decision to plead guilty had he known about it."  *Id.* at ¶ 1.  The Supreme Court was not asked to decide whether Mr. Barnes had discovered new evidence.  The fact that he was unaware of certain evidence before pleading guilty was uncontroverted.  *See id.* at ¶ 23.  Thus, the *Barnes* decision presumes that the existence of newly discovered evidence has been established.  *See id.* at ¶ 24 (holding that a defendant has a reasonable and legitimate basis to withdraw a plea *when he discovers evidence* that would have affected his decision to plead).  The Supreme Court did not address whether *Barnes* applies when the existence of newly discovered evidence has been alleged but not established.

{¶22}  The trial court here specifically found that Ms. Shepherd failed to develop and support her limited arguments with any evidence or testimony.  She moved to withdraw her plea based solely upon the "unsupported, conclusory statements of counsel . . . [,]" and those statements did not present a clear picture of either the evidence she claimed to have discovered or its impact on her initial decision to plead no contest.  Her attorney stated that Ms. Shepherd (1) had learned "information" in counseling and from her son, and (2) had come to "understand[] more clearly her defenses."  There was no indication that any facts or evidence had been purposefully kept from her before she entered her plea.  *Compare id.* at ¶ 4, 7.  Her attorney referenced battered women's syndrome but only to say that he thought Ms. Shepherd had not fully *understood* that defense was

available to her before. Apart from her lack of understanding, there was nothing upon which the court could find this information was newly discovered to her. As such, there was no explanation as to why all the facts and evidence necessary to raise that defense were not already known to Ms. Shepherd at the time she entered her plea.

{¶23} Upon review, we cannot conclude the trial court erred when it denied Ms. Shepherd's motion to withdraw her plea. Although presentence motions to withdraw ought to be freely and liberally granted, there is no "absolute right to withdraw a plea prior to sentencing." *Xie*, 62 Ohio St.3d at 527. It was Ms. Shepherd's burden to prove to the trial court that she had a reasonable and legitimate basis for withdrawing her plea. *Jones*, 2012-Ohio-6150, at ¶ 37 (9th Dist.). The trial court specifically found that she failed to satisfy her burden because she did not present any evidence to support her claim.

{¶24} The dissent insists this matter must be remanded because the trial court did not apply *Barnes*. As noted, this case is readily distinguishable from *Barnes* because, in *Barnes*, there was no dispute that evidence had been withheld from the defendant. *Barnes*, 2022-Ohio-4486, at ¶ 4, 7. *Barnes* applies "when a defendant discovers evidence that would have affected his decision to plead guilty . . . ." *Id.* at ¶ 24. We are not convinced that a defendant's mere mention of newly discovered evidence, absent any proof of its existence, triggers an analysis under *Barnes* and abdicates any review under the traditional, multi-factored approach. The State never conceded that Ms. Shepherd had presented newly discovered evidence, and there is no indication that evidence was actively withheld from her. The Supreme Court did not address whether *Barnes* applies when the existence of newly discovered evidence has been alleged but not established.

{¶25} Even if the trial court erred by not explicitly analyzing *Barnes*, any error it committed in that respect was harmless. *See* Crim.R. 52(A). The court gave a detailed rationale

that spoke to both the traditional, multi-factored approach and the approach outlined in *Barnes*. It found that Ms. Shepherd had adequate representation, was thoroughly questioned at her plea hearing, understood the nature of her charges and potential sentence, and had a full hearing on her motion to withdraw. *See Braley*, 2022-Ohio-2489, at ¶ 7 (9th Dist.). It also found that she had failed to develop or support her claims of newly discovered evidence with any testimony or other evidence, despite being given the opportunity to do so. The trial court denied Ms. Shepherd's motion based on her failure to establish a reasonable and legitimate basis for withdrawing her plea. Ms. Shepherd has not shown that the trial court went so far as to abuse its discretion by doing so. Consequently, her sole assignment of error is overruled.

## III.

**{¶26}** Ms. Shepherd's sole assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

SUTTON, J.
CONCURS.

STEVENSON, P. J.
DISSENTING.

{¶27} I respectfully dissent from the majority's opinion as I would reverse the trial court's decision because it does not attempt to apply the Ohio Supreme Court's recent decision in *Barnes*, 2022-Ohio-4486.

{¶28} In this case, Ms. Shepherd moved to withdraw her plea before she was sentenced. In her written motion, she alleged she discovered additional evidence that provides "a potential basis for a defense." At the hearing on the motion in the matter, counsel stated that Ms. Shepherd is in counseling and has discovered facts that caused her to believe she may have a battered woman's defense. Counsel also stated that Ms. Shepherd had learned some things from her 16-year-old son who was present at the time of the offense but was not interviewed by the police. Ms. Shepherd did not testify at the hearing. The State did not challenge whether Ms. Sheppard had discovered new evidence since the time of her plea, but argued based on this Court's decision in *State v. Smith*, 2006-Ohio-4419, ¶ 23 (9th Dist.) that she should not be permitted to withdraw her

plea because she was represented by competent counsel, was provided a full hearing before she withdrew her plea, and was granted a full hearing on her motion to withdraw her plea.

**{¶29}** In *Barnes*, the Ohio Supreme Court considered a motion to withdraw guilty plea in a case where the parties did not dispute that there was newly discovered evidence. In outlining the proper standard to apply, the Ohio Supreme Court stated:

> We begin by repeating what this court established three decades ago in *Xie*, 62 Ohio St.3d at 527 []: a defendant's presentence motion to withdraw his guilty plea *should be freely and liberally granted*. This standard makes clear that when a defendant pleads guilty to one or more crimes and later wants to withdraw that plea before he has been sentenced, the trial court should permit him to withdraw his plea. This is the presumption from which all other considerations must start.

(Emphasis in original). *Barnes* at ¶ 21.

**{¶30}** The *Barnes* Court then considered the State's argument that the three-prong test in *Smith* utilized by the Eighth Appellate District in *State v. Peterseim,* 68 Ohio App.2d 211 (8th Dist. 1980) and an additional multi-factor test in *State v. Heisa,* 2015-Ohio-2269 (8th Dist.) that is similar to this Court's test in *State v. Braley,* 2022-Ohio-2489 (9th Dist.), applied to cases involving newly discovered evidence, despite the clear test outlined in *Xie*. The *Barnes* Court decided that:

> We also agree with Barnes that the *Peterseim* factors and the *Heisa* factors do not apply here. We therefore hold that when a defendant discovers evidence that would have affected his decision to plead guilty, he has a reasonable and legitimate basis to withdraw his guilty plea before sentencing. We further hold that the trial court abused its discretion when it denied Barnes's presentence motion to withdraw his guilty plea.

*Barnes* at ¶ 24. Thus, the *Barnes* Court recognized that when a defendant discovers new evidence, it affects her calculation of whether she should have pleaded guilty in the first instance.

**{¶31}** In this case, the trial court relied on our cases that are similar to *Peterseim* and *Heisa* when it considered Ms. Shepherd's motion to withdraw, despite *Barnes'* clear

pronouncement that the tests set forth in those cases do not apply in situations involving newly discovered evidence.[1] The trial court did not cite *Barnes* or otherwise consider that *Barnes* held those cases do not apply in situations where, as here, the defendant discovers new evidence that affects her decision to plead guilty.

{¶32} There is no reason why we should excuse the trial court's failure to follow the Ohio Supreme Court's holding in *Barnes*. Based on *Barnes*, a motion to withdraw a guilty plea should fall solely on the legitimacy of the newly discovered evidence claim, not on multi-factor tests focused on whether the defendant understood the effects of the plea. As in *Barnes*, the State in this case does not dispute that Ms. Shepherd discovered new evidence. Because the State did not challenge the newly discovered evidence, there is no legitimate reason why Ms. Shepherd's case should have a different result than *Barnes*. Because the trial court did not apparently cite or review *Barnes*, it missed that simple conclusion.

{¶33} Further, even overlooking the court's error in failing to consider the most recent relevant standard on these motions, the trial court abused its discretion. First, a trial court does not have discretion to ignore relevant tests established by the Ohio Supreme Court. The Supreme Court stated in *Barnes* that "when a defendant discovers evidence that would have affected his decision to plead guilty, he has a reasonable and legitimate basis to withdraw his guilty plea before sentencing." *Barnes* at ¶ 24. Ms. Shepherd alleged in her motion and at the hearing that she "believe[d] she discovered new information that provides a potential basis for a defense." The State did not dispute that Ms. Shepherd had discovered this evidence, that it was new, or was in

---

[1] I would find that trial courts should not apply the multi-factor analysis set forth in *Peterseim* and *Heisa* for the reasons set forth in my concurring opinion in *State v. Gove*, 2025-Ohio-701, ¶ 22-33 (9th Dist.).

any way not relevant. Even though the State didn't challenge the motion on these grounds, the trial court did. The Ohio Supreme Court has stated for 30 years that courts are to freely and liberally grant these motions. In *Barnes,* the Supreme Court emphasized that the presumption is these motions should be granted, and newly discovered evidence is a reasonable and legitimate basis to support such a motion. The Supreme Court noted that basic decisions such as pleading guilty are ultimately for the accused to make and that our criminal justice system presumes that a criminal defendant, after being fully informed, knows his own best interests and does not need the State to dictate them. *Barnes* at ¶ 25.

{¶34} These simple statements of law do not grant a trial court discretion to contest a defendant's claim that she discovered new evidence when the State does not even dispute that point in any of its responses. Ms. Shepherd's allegations provide a reasonable and legitimate basis, and in the context of freely and liberally granting these motions, trial courts lack the discretion to raise issues the State does not dispute.

{¶35} Accordingly, I must respectfully dissent from the majority's opinion in this case.

APPEARANCES:

MICHAEL T. CALLAHAN, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and STEFANIE H. ZARANEC, Assistant Proscuting Attorney, for Appellee.